*In re* JORGE LUIS LABOY RODRÍGUEZ y FLORENTINO MACHARGO BARRERAS, querellados.

*Número:* O-82-34        *Resuelto:* 28 de octubre de 1982

*Héctor A. Colón Cruz, Procurador General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Miguel A. Febles González* y *Pedro Vicente Pedrosa,* abogados del querellado Jorge Luis Laboy Rodríguez; *Sarah Torres Peralta* y *Wilfredo R. Piccorelli,* abogados del querellado Florentino Machargo Barreras.

PER CURIAM: Resolvemos los méritos de las querellas formuladas por el Procurador General de Puerto Rico contra los abogados notarios Jorge Luis Laboy Rodríguez y Florentino Machargo Barreras.

I

*Primer cargo*

Con referencia a este cargo el Comisionado Especial designado, Hon. Francisco Torres Aguiar, consigna las siguientes determinaciones de hecho:

1. El día 24 de junio de 1974 se otorgó la escritura número 112, sobre compraventa, ante el Notario Público Jorge Luis Laboy Rodríguez, en virtud de la cual los vendedores Elfrén Bernier y Nilda Soto de Bernier vendieron dos apartamentos a los compradores, los esposos Aparicio Maldonado. Dicha escritura pública fué presentada en el Registro de la Propiedad, y denegada su inscripción por no haberse distribuído el precio de compraventa entre las dos unidades registrales y por insuficiencia en el pago de los derechos de inscripción.

2. Mediante escritura pública otorgada el 10 de septiembre de 1979, ante el Notario Público Ramón Cerezo Muñoz, los esposos Aparicio Maldonado le venden uno de los apartamentos antes mencionados al querellado Jorge Luis Laboy Rodríguez. *Dicha escritura pública fue redactada por el propio querellado Jorge Luis Laboy Rodríguez, quien se comprometió con el Notario Público Cerezo Muñoz a la presentación de dicho documento público en el Registro de la Propiedad.*

La participación de Cerezo Muñoz en el otorgamiento y autorización de dicha escritura pública fué accidental, y se limitó a prestar el servicio que le fuere requerido por el querellado Laboy Rodríguez, luego de haber verificado la corrección del documento público que le proveyera dicho querellado.

3. En alguna fecha antes del 9 de octubre de 1979, el querellante Nelson Font Mesorana le prestó la suma de $7,000.00 al querellado Jorge Luis Laboy Rodríguez. La fecha del referido préstamo no quedó clara, por no estar determinada con

precisión, pero parece haberse hecho algún tiempo antes del 9 de octubre de 1979.

En ocasión de dicho préstamo, el deudor se comprometió con el acreedor a pagarle dentro de los siguientes tres meses, lo que no hizo. A la fecha de la vista, 16 de junio de 1982, todavía el querellado le adeudaba a Font Mesorana el dinero que éste le había prestado, más los intereses correspondientes.

4. Jorge Luis Laboy Rodríguez y Nelson Font Mesorana se habían conocido algún tiempo antes de la fecha del préstamo, cuando Font Mesorana trabajaba en un negocio de relojería en la Joyería Medina, negocio que a la sazón estaba establecido en el mismo edificio donde Laboy Rodríguez tenía establecida su oficina.

El querellado Laboy Rodríguez le había prestado un servicio a Font Mesorana en ocasión del divorcio de este último, al haberle ayudado a obtener un financiamiento de un inmueble propiedad de Font Mesorana.

5. El préstamo de $7,000.00 fué hecho por Font Mesorana a Laboy Rodríguez sin garantía alguna. No tuvimos evidencia alguna ante nuestra consideración que acreditara que al momento del préstamo se acordaran intereses.

Se trató de una transacción que se hizo por razón de las relaciones que se habían desarrollado entre el deudor y acreedor, como se indica antes.

6. En el mes de octubre de 1979, el querellado Jorge Luis Laboy Rodríguez le ofreció al querellante Nelson Font Mesorana proveerle una garantía hipotecaria para garantizar el pago de la deuda. A ese efecto dicho querellado preparó una escritura de hipoteca en garantía de pagaré para garantizar un pagaré al portador por la suma principal de $7,000.00 más intereses, Exhibit V, V-A del Procurador General, gravando el inmueble de su propiedad, que había adquirido desde el 10 de septiembre de 1979.

7. El 9 de octubre de 1979, el querellado Jorge Luis Laboy Rodríguez, le solicitó al querellado Florentino Machargo Barreras que éste prestara el servicio de autorizar el otorgamiento de la referida escritura pública de constitución de hipoteca, a lo que accedió el referido Machargo Barreras.

A esos fines, Jorge Luis Laboy Rodríguez y Nelson Font Mesorana se personaron en la oficina del referido Florentino Machargo Barreras el día 9 de octubre de 1979; en esa ocasión, el querellado Laboy Rodríguez le entregó a Machargo Barreras la escritura pública que aquél había redactado, conjuntamente con el pagaré al portador, también preparado por Laboy Rodríguez. Machargo Barreras examinó la referida documentación y procedió a autorizar dicha escritura, bajo el número 57, ante él; expidió copia certificada, y entregó la misma, conjuntamente con un pagaré, debidamente autenticado, al otorgante Laboy Rodríguez, quien se obligó con el Notario Público Machargo Barreras a presentarla él mismo en el Registro de la Propiedad.

*Ahí terminó la participación del querellado Florentino Machargo Barreras en el asunto. Concluimos que al igual que en el caso del licenciado Cerezo Muñoz, también la participación de Florentino Machargo Barreras en el otorgamiento y autorización de la referida escritura pública y del pagaré al portador, fué accidental, y se limitó a prestar el servicio que le fuere requerido por Laboy Rodríguez.*

8. Al momento del otorgamiento de la escritura pública número 57, de 9 de octubre de 1979, ante el Notario Público Florentino Machargo Barreras, el querellado Jorge Luis Laboy Rodríguez era el dueño en pleno dominio del apartamiento que quedó gravado en virtud de la constitución de la hipoteca contenida en el referido documento público, y en el otorgamiento y autorización de la referida escritura se observaron las formalidades que exige la Ley Notarial.

9. El 22 de septiembre de 1980, el acreedor Nelson Font Mesorana radicó demanda en cobro de dinero contra Jorge Luis Laboy Rodríguez, y obtuvo sentencia en rebeldía de fecha 16 de enero de 1981, Exhibit VIII del Procurador General.

Nos llama la atención que la referida Sentencia es por la suma de $12,000.00, no obstante el hecho que la deuda que el querellante reclama en el presente procedimiento era de solamente $7,000.00 de principal, más los intereses correspondientes a partir del 29 de octubre de 1979, que es la fecha en que se otorga la escritura pública número 57. El exceso entre lo que dispone la sentencia y la deuda real como está

representada en la escritura pública #57, que es la suma principal que Font Mesorana declaró que se le adeudaba, no fué explicada por dicho querellante.

10. *No hay prueba de que el querellado Florentino Machargo Barreras tuvo conocimiento al momento del otorgamiento de la escritura número 57, el 9 de octubre de 1979, de que la misma no fuere inscribible.*

11. El querellado Jorge Luis Laboy Rodríguez *no actuó de mala fe* en el otorgamiento de la garantía hipotecaria que le proveyó a Font Mesorana el 9 de octubre de 1979; el defecto que impedía la registración era de fácil corrección en aquel momento, mediante el simple otorgamiento de un Acta Aclaratoria distribuyendo el precio entre las dos unidades registrales a las que se refería la escritura pública número 11 de 24 de junio de 1974 ante el Notario Público Jorge Luis Laboy Rodríguez, y el pago de los derechos correspondientes.

El querellante pudo haber tomado ese camino. En su lugar optó por realizar un trámite judicial mediante la radicación de una demanda en cobro de dinero reclamando la suma de $12,000.00 alegadamente adeudádoles por el querellado Jorge Luis Laboy Rodríguez (Exhibit III del Procurador General), y la obtención de una sentencia por dicha cantidad de $12,000.00, (Exhibit III-B del Procurador General). (Énfasis suplido.)

### Segundo cargo

Este segundo cargo se formula exclusivamente contra el querellado Laboy Rodríguez. Las determinaciones fácticas del Comisionado reflejan que dicho querellado representó negligentemente a la Sra. Sandra M. Cuascut en la acción sobre nulidad de testamento seguida en su contra. Es interesante destacar que ese testamento fue otorgado ante él como notario. En el curso de los procedimientos mantuvo engañada a su cliente al comunicarle que tenía la impresión de que todo estaba bien. Se comprometió a responderle con otra propiedad, de perder el caso —su herencia consistía de la casa que le dejó su abuelo en el aludido testamento, en el cual se desheredó al padre de ella. El proceso judicial

finalizó contrario a la señora Cuascut Chiclana y se anuló el testamento. (¹) Durante varios meses no logró que el abogado cumpliese con su compromiso. Solamente una vez terminada la vista del caso, en agosto de 1982, obtuvo escritura de propiedad.

## III

Tenemos el beneficio de los informes de las partes. Ninguna cuestiona persuasivamente la corrección de los hechos según apreciados por el Comisionado Especial. Más bien se circunscriben a comentarlos a la luz de la posición más favorable.

En torno al primer cargo, se impone de inmediato la exoneración del querellado Florentino Machargo Barreras. Excepto por haber depositado erróneamente su confianza en un compañero abogado y prestarle gratuitamente sus servicios notariales, no incurrió en falta que amerite sanción disciplinaria alguna. Ciertamente todo el proceso sirve de ejemplo —extensivo al resto del notariado puertorriqueño— de que es menester evitar, en lo posible, este tipo de intervención notarial urgente e incidental, más bien ad hoc, en la cual se cae en la superficialidad y en el peligro potencial de convertirse en un simple observador de un negocio jurídico —función que rechazamos en *In re Meléndez Pérez*, 104 D.P.R. 770 (1976)— y, claro está, según la naturaleza de la transacción y las consecuencias perjudiciales que resulten de la misma, el conocimiento directo o constructivo, corre el riesgo de incurrir en serias faltas

---

(¹) La determinación 4 del Comisionado expone:

"Según surge del párrafo 8 del Ex. 'A' estipulado, que es el 'Informe y Contestación del Abogado Querellado', presentado por el querellado por la mediación de sus abogados de récord en la querella de autos, el 31 de mayo de 1982, 'en dicha ocasión el Abogado Jorge Luis Laboy Rodríguez le indicó a su cliente Sandra Cuascut Chiclana que en consideración al resultado del pleito *y la responsabilidad del abogado Jorge Luis Laboy Rodríguez, éste asumiría la responsabilidad con Sandra Cuascut Chiclana.* Así se hizo constar para récord." (Énfasis nuestro.)

profesionales que ameriten medidas correctivas. *In re Lavastida, et al.*, 109 D.P.R. 45 (1979).

Distinta solución exige el caso del querellado Laboy Rodríguez. Aun concediéndole el beneficio de la determinación del Comisionado en el sentido de que en el otorgamiento de la garantía hipotecaria "no actuó de mala fe", es indudable que por su condición de haber actuado previamente como notario el 24 de junio de 1974, *conocía* que la escritura de compraventa núm. 112 de ese día había sido presentada en el Registro de la Propiedad y su inscripción había sido denegada. Esa situación continúa a lo largo de las transacciones ulteriores, incluso el otorgamiento de la escritura de hipoteca ofrecida a su acreedor Nelson Font Mesorana. Si para que una hipoteca se convierta en un derecho real es menester su inscripción, ¿en qué consistió la garantía hipotecaria brindada? El resultado de su actuación, de índole engañosa, fue dejar desprovisto a su acreedor Font Mesorana de la garantía hipotecaria, privándole de poder hacer efectivo su crédito sobre una propiedad inmueble.

Concluimos que el querellado Laboy Rodríguez aprovechó y utilizó, indebidamente y para su propio beneficio el conocimiento notarial, y dio así viabilidad a una garantía hipotecaria fútil. Esa conducta está reñida con el deber consagrado en el Canon 35 vigente, de mantener una conducta honrada entre abogados y personas, y "ajustarse a la sinceridad de los hechos . . . al redactar [o propiciar] . . . documentos". Su proceder atenta y conflige con el honor y la dignidad que debe caracterizar a todo miembro de la clase togada y es indicativo de una conducta profesional altamente impropia. Canon 38.

A igual resultado llegamos en cuanto al segundo cargo. Ha quedado demostrado que luego de preparar e intervenir como notario en un testamento otorgado por Delfín Cuascut Jusino —en el cual éste desheredó a su hijo adoptivo José A. Cuascut Colón y designó única y universal heredera a su

nieta Sandra Cuascut Chiclana— comparece como abogado de récord de la heredera testamentaria ante el foro judicial y no la defendió diligentemente.

■ Inferimos de la prueba que el querellado Laboy Rodríguez aceptó su responsabilidad profesional y a tal efecto se comprometió a subsanar el problema. No es hasta transcurrido el proceso, el 20 de agosto de 1982, que se otorga la escritura, mediante la cual la querellante Cuascut Chiclana recibe título de propiedad sobre un apartamento de vivienda. Ello atempera el rigor de la sanción, pero no exonera totalmente al licenciado Laboy. Aun cuando los trámites disciplinarios, de ordinario, no son los apropiados para reclamar ante este foro deudas que contraen los abogados en el curso de sus asuntos personales —*In re Cepeda Parrilla*, 108 D.P.R. 353 (1979); *In re Ramírez*, 19 D.P.R. 426 (1913)— el poder correctivo existe cuando la obligación es contraída en el curso de un litigio en el que la persona perjudicada aceptó un trato descansando en la confianza que le tenía como abogado.

En las circunstancias expuestas, procede que se dicte sentencia, sujeto a los siguientes pronunciamientos: (1) se exonera al notario Florentino Machargo Barreras y (2) se suspende al querellado Jorge L. Laboy Rodríguez del ejercicio de la notaría permanentemente y de la profesión de abogado por el término de tres (3) meses.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Rebollo López no intervino.