*In re* HÉCTOR ALVARADO TIZOL.

*Número:* 4707    *Resuelto:* 18 de noviembre de 1988

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías,* en informe; *Héctor Alvarado Tizol, pro se.*

PER CURIAM: El Lic. Héctor Alvarado Tizol fue admitido al ejercicio de la abogacía el 19 de mayo de 1975 y prestó

juramento como notario el 19 de junio de 1975. El 8 de abril de 1988 el Director de la Oficina de Inspección de Notarías, Lic. Govén D. Martínez Surís, nos informó que el notario de epígrafe no había rendido los índices notariales correspondientes a las semanas que terminaron el 25 de enero de 1987; 8 de febrero de 1987; 22 de marzo de 1987; 17, 24 y 31 de mayo de 1987, así como los correspondientes a los meses de junio, julio, agosto, septiembre, octubre y noviembre de 1987.

El 21 de abril de 1988 emitimos la resolución siguiente:

Visto el Informe del Director de Inspección de Notarías, Lic. Govén D. Martínez Surís, de fecha 8 de abril de 1988, se concede al notario Héctor Alvarado Tizol un término de treinta (30) días para que presente los índices notariales correspondientes a los siguientes períodos: semanas que terminaron en 25 de enero; 8 de febrero; 22 de marzo; 17, 24 y 31 de mayo; y los meses de junio, julio, agosto, septiembre, octubre y noviembre de 1987.

En igual término deberá comparecer a este foro a mostrar causa por la cual no deba ser disciplinado.

Luego de que se le notificara dicha resolución a la dirección del abogado-notario Alvarado Tizol, éste no compareció. El 16 de junio de 1988 emitimos otra resolución mediante la cual suspendimos al notario Alvarado Tizol del ejercicio inmediato de la notaría y le ordenamos al alguacil del Tribunal que se incautara de su obra notarial. Le concedimos, además, un término de treinta (30) días para que compareciera a mostrar causa por la cual no debíamos suspenderlo permanentemente de la notaría e imponerle sanciones como abogado. Dicha resolución le fue notificada a éste personalmente por el alguacil de este Tribunal el 21 de junio de 1988. El notario ha comparecido. En su escrito señala que la resolución de 16 de junio de 1988 fue la primera notificación que recibió respecto a la deficiencia existente en su obra notarial. Acompañó una declaración jurada de la Srta. Amarylis Dá-

vila, secretaria y *paralegal* de su oficina, quien indicó que el 21 de abril de 1987 recibió una resolución de este Tribunal sobre deficiencia notarial, pero que por descuido y negligencia se le extravió. La señorita Dávila señaló que por esa razón nunca le pudo entregar al licenciado Alvarado la resolución emitida por el Tribunal. Sostuvo que en varias ocasiones el licenciado Alvarado le había preguntado si sus índices notariales se habían presentado dentro de los términos que exige la Ley Notarial de Puerto Rico, y que ella siempre le respondió en la afirmativa, aun cuando en realidad no los hubiera presentado. Concluyó indicando que la situación en que se encuentra el licenciado Alvarado responde exclusivamente a su descuido y negligencia.

El Director de la Oficina de Inspección de Notarías mediante comunicación de 20 de julio de 1988 nos ha informado que, si bien es cierto que el notario de epígrafe entregó sus índices notariales el 22 de junio de 1988, el notario Alvarado Tizol incumplió por un término prolongado con las disposiciones de la Ley Notarial de Puerto Rico.

■ Reiteradamente hemos expresado que la notaría es función de cuidado y que debe ser ejercida con suma diligencia y celo profesional. *In re Vergne Torres*, 121 D.P.R. 500 (1988); *In re Tirado Saltares*, 118 D.P.R. 576 (1987).

■ Los notarios están obligados a cumplir estrictamente con los preceptos de la Ley Notarial de Puerto Rico. *In re González González*, 119 D.P.R. 496 (1987). Es por ello que la conducta en que incurre un notario, constitutiva en no rendir los índices notariales conforme lo exige la ley, conlleva la imposición de sanciones disciplinarias. *In re Bonilla Martínez*, 120 D.P.R. 682 (1988).

■ La explicación que nos ha ofrecido el licenciado Alvarado Tizol en su escrito de mostrar causa, así como la versión que nos brindara la señorita Dávila en su declaración

jurada, no excusan el incumplimiento del notario con el deber que lleva implícito su cargo, no sólo de cumplir con la Ley Notarial de Puerto Rico, *sino de responder a los dictámenes de este Tribunal.*

■ Hemos indicado que la responsabilidad de un notario es personal, indivisible e indelegable. *In re González González*, supra; *In re Laboy*, 113 D.P.R. 476 (1982). La negligencia de una secretaria legal en el desempeño de sus funciones no opera como fuente eximente o dispensatoria de la responsabilidad del notario. Tampoco actúa como barrera para la imposición de sanciones disciplinarias.

El expediente personal del notario Héctor Alvarado Tizol revela que, con anterioridad a este asunto, no tuvimos que intervenir con su práctica notarial. Bajo las circunstancias antes expuestas, *se decreta la suspensión del Lic. Héctor Alvarado Tizol del ejercicio de la notaría por un período de siete meses y medio (7½), contado a partir del 16 de junio de 1988, fecha en que lo suspendimos del ejercicio de la notaría, y que vence el 1ro de febrero de 1989.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Ortiz no intervino.