*In re* FELIPE TORRES TORREGROSA, querellado.

*Número:* AB-98-157          *Resuelto:* 19 de agosto de 1999

*Edda Serrano Blasini, Subprocuradora General, y Marta Maldonado Maldonado, Procuradora General Auxiliar,* abogados de El Pueblo; *Felipe Torres Torregrosa, pro se.*

PER CURIAM: El 1ro de abril de 1996, Eriberto Orta Belgodere, en un procedimiento de alegación preacordada, hizo alegación de culpabilidad por unas infracciones a los Arts. 166 y 168 del vigente Código Penal de Puerto Rico,[1] siendo sentenciado a cumplir una pena de reclusión de seis (6) años en cada caso —a ser cumplidos de manera concu-

---

[1] 33 L.P.R.A. secs. 4272 y 4274 (Supl. 1998).

rrente— por la Sala Superior de San Juan del Tribunal de Primera Instancia. En dicho acto, Orta Belgodere fue representado por el Lcdo. Felipe Torres Torregrosa, y el Ministerio Público por el Fiscal Rubén Guzmán Torres.

Orta Belgodere, mediante comunicación de 13 de febrero de 1998, se querelló ante este Tribunal tanto del licenciado Torres Torregrosa como del Fiscal Guzmán Torres. Alegó, en síntesis y en lo pertinente, que el primero lo representó de manera deficiente e inadecuada en los procedimientos que culminaron en su convicción y reclusión en una institución penal y, en cuanto al fiscal, sostuvo que éste lo intimidó con el propósito de que él hiciera alegación de culpabilidad.

Referimos la mencionada queja a la Oficina del Procurador General de Puerto Rico para la correspondiente investigación e informe a este Tribunal. Luego de que el mencionado funcionario rindiera su informe, con fecha de 15 de mayo de 1999, le concedimos término al licenciado Torres Torregrosa y al quejoso Orta Belgodere para que expresaran lo que a bien tuvieren sobre el mismo.

Habiendo comparecido ambos, mediante Resolución de fecha 9 de julio de 1999, una Sala Especial de Verano declinó ejercer su jurisdicción disciplinaria respecto al Fiscal Rubén Guzmán Torres. Ello no obstante, quedó el asunto sometido en lo referente al Lcdo. Felipe Torres Torregrosa. Resolvemos.

I

Del informe del Procurador General de Puerto Rico surge, con meridiana claridad, que la alegación de culpabilidad que hiciera Orta Belgodere, en relación con los dos (2) delitos graves que se le imputaron, fue una hecha de manera inteligente y voluntaria, producto la misma del beneficio de una sentencia mínima que se le impuso como consecuencia del procedimiento de alegación preacordada

llevada a cabo entre su abogado, el licenciado Torres Torregrosa, el Fiscal Guzmán Torres y la Honorable Crisanta González, Juez Superior que presidía los procedimientos.[2] *No* hay base alguna, en consecuencia, para sostener que la representación legal que le brindara el licenciado Torres Torregrosa a Orta Belgodere fuera una inadecuada o deficiente.

Ahora bien, otra es la situación en cuanto a un incidente que surgiera en el transcurso de los procedimientos, relativo el mismo a una solicitud de renuncia de representación profesional que, en un señalamiento del caso de vista en su fondo, hiciera ante el tribunal de instancia el licenciado Torres Torregrosa.

■ El Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, establece que

[c]uando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal *y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.* (Énfasis suplido.) Véanse: *In re Acosta Grubb,* 119 D.P.R. 595 (1987); *In re Siverio Orta,* 117 D.P.R. 14 (1986); *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122 (1975).

■ Por otro lado, el Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone la obligación a los abogados, al comparecer ante los tribunales, de ajustarse siempre a la sinceridad de los hechos. Véanse: *In re Martínez, Odell I,* 148 D.P.R. 49 (1999); *In re Ramos y Ferrer,* 115 D.P.R. 409 (1984); *In re Laboy,* 113 D.P.R. 476 (1982).

En su comparecencia ante este Tribunal, el licenciado Torres Torregrosa *acepta* que planteó ante el tribunal de instancia la renuncia de representación legal como una estrategia; ello con el único fin de lograr la suspensión de la

---

[2] Como consecuencia del procedimiento de alegación preacordada llevado a cabo, el Ministerio Fiscal enmendó las acusaciones para *eliminar* de las mismas una alegación sobre reincidencia.

vista en su fondo señalada y así lograr más tiempo para ver si su cliente podía conseguir algún dinero para pagarle a los perjudicados en el caso y lograr la anuencia de éstos a una mejor disposición del caso. Esto es, admite que la razón aducida por él, en la moción de renuncia de representación, *no* fue una legítima. Al así actuar faltó a la verdad y no actuó con sinceridad ante el tribunal, infringiendo, de ese modo, las disposiciones de los Cánones 20 y 35 del Código de Ética Profesional, ante.

Atendido el hecho de que ésta constituye la primera queja en que el Lcdo. Felipe Torres Torregrosa se ve involucrado, las excusas que brinda y su aparente propósito de enmienda, limitamos la sanción a imponerse a una *censura enérgica*, apercibiendo al licenciado Torres Torregrosa que en el futuro no seremos tan lenientes.

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García García no intervino.