## En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| In re:<br><br>Lcdo. Felipe Torres Torregrosa | Queja<br><br>**99 TSPR 127** |

Número del Caso: **AB-1998-0157**

Oficina del Procurador General:

Hon. Carlos Lugo Fiol,

Procurador General

Lcda. Marta Maldonado Maldonado

Procuradora General Auxiliar

Abogado parte Querellada: Por Derecho Propio

Fecha: 8/19/1999

Materia: **Conducta Profesional**

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

### EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Felipe Torres Torregrosa

AB-98-157

**PER CURIAM**

San Juan, Puerto Rico, a 19 de agosto de 1999

El 1$^{ro.}$ de abril de 1996, Eriberto Orta Belgodere en un procedimiento de alegación preacordada hizo alegación de culpabilidad por unas infracciones a los Artículos 166 y 168 del vigente Código Penal de Puerto Rico, siendo sentenciado a cumplir una pena de reclusión de seis (6) años en cada caso, a ser cumplidos de manera concurrente, por la Sala Superior de San Juan del Tribunal de Primera Instancia. En dicho acto, Orta Belgodere fue representado por el Lcdo. Felipe Torres Torregrosa y el ministerio público por el Fiscal Rubén Guzmán Torres.

Orta Belgodere, mediante comunicación del 13 de febrero de 1998, se querelló ante este Tribunal tanto del Lcdo. Torres Torregrosa como del Fiscal Guzmán Torres. Alegó, en síntesis y en lo pertinente, que el primero lo representó de manera deficiente e inadecuada en los procedimientos que culminaron en su convicción y reclusión en una institución penal y, en cuanto al fiscal, sostuvo que éste lo intimidó con el propósito de que él hiciera alegación de culpabilidad.

Referimos la mencionada queja a la Oficina del Procurador General de Puerto Rico para la correspondiente investigación e informe a este Tribunal. Luego de que el mencionado funcionario rindiera su informe, con fecha 15 de mayo de 1999 le concedimos término al Lcdo. Torres Torregrosa y al quejoso Orta Belgodere para que expresaran lo que a bien tuvieren sobre el mismo.

Habiendo comparecido ambos, mediante Resolución de fecha 9 de julio de 1999, una Sala Especial de Verano declinó ejercer su jurisdicción disciplinaria respecto al Fiscal Rubén Guzmán Torres. Ello no obstante, quedó el asunto sometido en lo referente al Lcdo. Felipe Torres Torregrosa. Resolvemos.

I. Del informe del Procurador General de Puerto Rico surge, con meridiana claridad, que la alegación de culpabilidad que hiciera Orta Belgodere, en relación con los dos delitos

graves que se le imputaron, fue una hecha de manera inteligente y voluntaria, producto la misma del beneficio de una sentencia mínima que se le impuso como consecuencia del procedimiento de alegación preacordada llevada a cabo entre su abogado, el Lcdo. Torres Torregrosa, el Fiscal Guzmán Torres y la Honorable Crisanta González, Juez Superior que presidía los procedimientos. No hay base alguna, en consecuencia, para sostener que la representación legal que le brindara el Lcdo. Torres Torregrosa a Orta Belgodere fuera una inadecuada o deficiente.

Ahora bien, otra es la situación en cuanto a un incidente que surgiera en el transcurso de los procedimientos, relativo el mismo a una solicitud de renuncia de representación profesional que, en un señalamiento del caso de vista en su fondo, hiciera ante el tribunal de instancia el Lcdo. Torres Torregrosa.

El Canon 20 de los de Etica Profesional establece que "cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello." (Enfasis suplido.) Véase: In re: Acosta Grubb, 119 D.P.R. 595 (1987); In re: Silverio Orta, 117 D.P.R. 14 (1986); Matos v. Metropolitan Marble Corp., 104 D.P.R. 122 (1975).

Por otro lado, el Canon 35 de los de Etica Profesional le impone la obligación a los abogados, al comparecer ante los tribunales, de ajustarse siempre a la sinceridad de los hechos. Véase: In re: Laboy, 113 D.P.R. 476 (1982); In re: Ramos y Ferrer, 115 D.P.R. 409 (1984); In re: Martínez y Odell, res. el 12 de abril de 1999, 98 TSPR 53.

En su comparecencia ante este Tribunal, el Lcdo. Torres Torregrosa acepta que planteó ante el tribunal de instancia la renuncia de representación legal como una estrategia; ello con el único fin de lograr la suspensión de la vista en su fondo señalada y así lograr más tiempo para ver si su cliente podía conseguir algún dinero para pagarle a los perjudicados

en el caso y así lograr la anuencia de éstos a una mejor disposición del caso. Esto es, admite que la razón aducida por él, en la moción de renuncia de representación, no fue una legítima. Al así actuar faltó a la verdad y no actuó con sinceridad ante el tribunal; infringiendo, de ese modo, las disposiciones de los Cánones 20 y 35 de los de Etica Profesional.

Atendido el hecho de que ésta constituye la primera queja en que el Lcdo. Felipe Torres Torregrosa se ve involucrado, las excusas que brinda y su aparente propósito de enmienda, limitamos la sanción a imponerse a una censura enérgica; apercibiendo al Lcdo. Torres Torregrosa que en el futuro no seremos tan lenientes.

Se dictará Sentencia de conformidad.

## EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Felipe Torres Torregrosa

AB-98-157

## SENTENCIA

San Juan, Puerto Rico, a 19 de agosto de 1999

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia limitando la sanción a imponerse al Lcdo. Felipe Torres Torregrosa a una censura enérgica; apercibiendo a éste de que en el futuro no seremos tan lenientes.

Así lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.


Carmen E. Cruz Rivera

Subsecretaria del Tribunal Supremo

[Retornar al índice anterior](#)