EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Carlos M. Feliciano Lassalle | 2008 TSPR 188<br><br>175 DPR _____ |
| --- | --- |

Número del Caso: TS-9079

Fecha: 2 de diciembre de 2008

Oficina de Inspección de Notarías:

    Lcdo. Lourdes I. Quintana Lloréns
    Directora

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos M. Feliciano Lassalle          TS-9079

PER CURIAM

San Juan, Puerto Rico, a 2 de diciembre de 2008.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal por el incumplimiento obstinado y desafiante con las órdenes de este Tribunal y con las obligaciones que emanan de la Ley Notarial y su Reglamento.

**I**

El Lcdo. Carlos M. Feliciano Lasselle fue admitido al ejercicio de la abogacía el 19 de enero de 1989 y al ejercicio de la notaría el 5 de octubre de ese mismo año.

El pasado 22 de octubre de 2002, la entonces Directora de la Oficina de Inspección de Notarías (en adelante, ODIN), Lcda. Carmen H. Carlos (en

adelante, Directora) le cursó una misiva al licenciado Feliciano Lasselle informándole que no había rendido los índices notariales para los meses de diciembre de 1998; enero, abril, agosto y noviembre de 1999; enero, marzo, mayo, agosto, octubre a diciembre de 2001; y los correspondientes al 2002. Por ello, le solicitó que en el término de diez (10) días enviara los índices notariales adeudados junto con una moción explicativa en donde expusiera las razones para la presentación tardía de los mismos.

En vista de que el licenciado Feliciano Lasselle no cumplió con el requerimiento de la Directora de ODIN, ésta refirió ante nuestra consideración el expediente del abogado de epígrafe. La Directora de ODIN expuso que el licenciado Feliciano Lasselle había incumplido reiteradamente su obligación de radicar los índices notariales antes mencionados y los correspondientes al 2003.

Luego de examinar el Informe de la Directora de ODIN y en vista del incumplimiento con la Ley Notarial, el Reglamento Notarial y la jurisprudencia, el 30 de mayo de 2003 le concedimos al licenciado Feliciano Lasselle un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría. Dentro de dicho término el abogado venía obligado a rendir los índices notariales adeudados.

El 23 de junio de 2003, el licenciado Feliciano Lasselle compareció ante nos y expresó que luego de haber recibido la Resolución emitida por este Tribunal, procedió a radicar los índices mensuales adeudados. No obstante, adujo que no había recibido las cartas cursadas por ODIN el 22 y 28 de octubre de 2002. Finalmente, señaló que desconocía las razones por las cuales los índices notariales no habían llegado a ODIN y por ello presentó copia de los mismos.

Vista la moción explicativa del licenciado Feliciano Lasselle, le concedimos a ODIN un término de veinte (20) días para que se expresara sobre la misma. En su moción informativa, la Directora de ODIN explicó que los índices notariales presentados por el licenciado Feliciano Lasselle junto a su moción explicativa, **son fotocopias que no muestran la fecha y hora en que fueron radicados en ODIN.**

En apoyo a su contención, la Directora anejó una Certificación emitida el 26 de abril de 2007, por la Supervisora de Índices Notariales de ODIN, Sra. Wanda de León Crespo, en donde ésta certifica que el licenciado Feliciano Lasselle adeuda los siguientes índices mensuales: diciembre de 1998; enero, abril, agosto y noviembre de 1999; enero, marzo, mayo, agosto, octubre, noviembre y diciembre de 2001; y enero, febrero y marzo de 2007. Señaló, además, que el abogado de epígrafe adeuda los Informes de Actividad Notarial Anual correspondientes a los años 2003, 2004, 2005 y 2006.

Examinada la moción informativa de la Directora de ODIN, le concedimos el término de veinte (20) días al licenciado Feliciano Lasselle para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la notaría en Puerto Rico. Vencido el término concedido, el licenciado Feliciano Lasselle no compareció.

Posteriormente, la Lcda. Lourdes I. Quintana Lloréns, actual Directora de ODIN, nos informó que el licenciado Feliciano Lasselle continuaba desatendiendo nuestras órdenes puesto que nunca presentó los índices mensuales requeridos. Acompañó la moción informativa, con una Certificación emitida el 21 de mayo de 2008, por la Supervisora de Índices Notariales de ODIN, en la que reitera que el licenciado Feliciano Lasselle adeuda los índices notariales señalados en el párrafo anterior, así como los correspondientes al año 2007 y a los meses de enero, febrero, marzo y abril de 2008.

Al día de hoy, el licenciado Feliciano Lasselle no ha comparecido ante nos. Procedemos a resolver sin ulterior trámite.

II

El Artículo 12 de la Ley Notarial[1] y la Regla 12 de su Reglamento[2], le imponen a todo notario la obligación de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. Tal obligación es de cumplimiento

---

[1] 4 L.P.R.A. sec. 2023.

[2] 4 L.P.R.A. Ap. XXIV.

estricto y no requiere conocimientos especiales puesto que se trata de "un procedimiento tan sencillo que corresponde a todos los notarios diseñar un método para asegurar su cumplimiento…"[3].

En *In re Sáez Burgos* enfatizamos que la omisión de rendir índices notariales es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta es merecedora de severas sanciones disciplinarias.[4] Asimismo, hemos resuelto que el dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios.[5]

Es imperativo señalar que el ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. Por ello en *In re* Cruz Ramos, *supra*, pág. 1007, expresamos que el abogado que no puede cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su Reglamento debe, en el ejercicio de honestidad profesional, abstenerse de practicar el notariado.

De otro lado, hemos señalado una y otra vez que todo abogado tiene el ineludible deber de responder

---

[3] *In re* Cruz Ramos, 127 D.P.R. 1005, 1007 (1991).

[4] 2004 T.S.P.R. 24. Véase además, *In re* Nogueras Cartagena, 127 D.P.R. 574 (1990); *In re* Santiago Arroyo, 132 D.P.R. 239 (1992); *In re* Castrillón Ramírez, 137 D.P.R. 459 (1994).

[5] *In re* Montañez Alvarado, 158 D.P.R. 738 (2003); *In re* Alvarado Tizol, 122 D.P.R. 587 (1988)

diligentemente a las órdenes de este Tribunal. Por ello, hemos resuelto que la inobservancia e indeferencia de los abogados con nuestras órdenes es razón suficiente para suspender a un abogado del ejercicio de la abogacía.[6] Evidentemente, dicho proceder constituye un acto obstinado de indisciplina y una patente violación al Canon 9 del Código de Ética Profesional, el cual le exige a todo letrado el mayor respeto hacia los tribunales.[7]

## III

En el caso de autos, el licenciado Feliciano Lasselle ha incumplido reiteradamente con su obligación de rendir los índices notariales mensuales y con su deber de actuar diligentemente ante los múltiples requerimientos que le hiciera ODIN. A esos efectos, es preciso señalar que al examinar las fotocopias de los índices notariales provistos por el licenciado Feliciano Lasselle, surge que estos no muestran la fecha y hora en que fueron presentados en ODIN.

En vista de lo anterior, le ordenamos al licenciado Feliciano Lasselle que mostrara causa por la cual no debíamos suspenderlo de la notaría. No obstante, éste ignoró nuestra orden y no compareció. Su actitud de displicencia hacia este Tribunal no lo hace digno de continuar desempeñando la profesión legal. No cabe duda que su indiferencia hacia las órdenes de este Tribunal y

---

[6] *In re* Laborde Freyre I, 154 D.P.R. 112 (2001); *In re* Osorio Díaz, 146 D.P.R. 39 (1998).

[7] 4 L.P.R.A. Ap. IX, C. 9.

la falta de compromiso hacia el notariado demuestran que no le interesa continuar ejerciendo su profesión.

Por los fundamentos expuestos y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente al licenciado Feliciano Lassalle del ejercicio de la abogacía y la notaría.

Se le impone a Carlos M. Feliciano Lassalle el deber de notificar a todos sus clientes, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregarla a la Directora de la Oficina de Inspección de Notarías para que realice la correspondiente investigación e informe.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                              TS-9079
Carlos M. Feliciano Lassalle



SENTENCIA

San Juan, Puerto Rico, a 2 de diciembre de 2008.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente al licenciado Feliciano Lassalle del ejercicio de la abogacía y la notaría.

Se le impone a Carlos M. Feliciano Lassalle el deber de notificar a todos sus clientes, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia, del cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del

abogado suspendido y entregarla a la Directora de la Oficina de Inspección de Notarías para que realice la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                               Secretaria del Tribunal Supremo