per curiam:
Una vez más estamos obligados a suspender a un miembro de la profesión legal por el incumplimiento obstinado y desafiante con las órdenes de este Tribunal y con las obligaciones que emanan de la Ley Notarial de Puerto Rico y su reglamento.
*112 I
El Ledo. Carlos M. Feliciano Lassalle fue admitido al ejercicio de la abogacía el 19 de enero de 1989 y al ejercicio de la notaría el 5 de octubre de ese mismo año.
El pasado 22 de octubre de 2002, la entonces Directora de la Oficina de Inspección de Notarías (ODIN), Leda. Carmen H. Carlos (Directora), le cursó una misiva al licen-ciado Feliciano Lasselle informándole que no había ren-dido los índices notariales para los meses de diciembre de 1998; enero, abril, agosto y noviembre de 1999; enero, marzo, mayo, agosto y octubre a diciembre de 2001, y los correspondientes al 2002. Por ello, le solicitó que en el tér-mino de diez días enviara los índices notariales adeudados con una moción explicativa, en donde expusiera las razo-nes para la presentación tardía de los índices.
En vista de que el licenciado Feliciano Lassalle no cum-plió con el requerimiento de la Directora de ODIN, ésta refirió ante nuestra consideración el expediente del abo-gado de epígrafe. La Directora de ODIN expuso que el li-cenciado Feliciano Lassalle había incumplido reiterada-mente con su obligación de presentar los índices notariales antes mencionados y los correspondientes al 2003.
Luego de examinar el Informe de la Directora de ODIN y en vista del incumplimiento con la Ley Notarial de Puerto Rico, el reglamento notarial y la jurisprudencia, el 30 de mayo de 2003 concedimos al licenciado Feliciano Lassalle un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría. Dentro de dicho término el abogado estaba obligado a rendir los índices notariales adeudados.
El 23 de junio de 2003, el licenciado Feliciano Lassalle compareció ante nos y expresó que, luego de haber recibido la Resolución emitida por este Tribunal, procedió a presen-tar los índices mensuales adeudados. No obstante, adujo que no había recibido las cartas cursadas por ODIN el 22 y *113 28 de octubre de 2002. Finalmente, señaló que desconocía las razones por las cuales los índices notariales no habían llegado a ODIN y que por ello presentó copia de éstos.
Vista la moción explicativa del licenciado Feliciano Las-salle, concedimos a ODIN un término de veinte días para que se expresara sobre ésta. En su moción informativa, la Directora de ODIN explicó que los índices notariales pre-sentados por el licenciado Feliciano Lassalle, junto a su moción explicativa, son fotocopias que no muestran la fecha ni la hora en que fueron presentados en ODIN.
En apoyo a su contención, la Directora anejó una Certi-ficación emitida por la Supervisora de índices Notariales de ODIN, Sra. Wanda de León Crespo, el 26 de abril de 2007, en donde ésta certifica que el licenciado Feliciano Lassalle adeuda los índices mensuales siguientes: diciem-bre de 1998; enero, abril, agosto y noviembre de 1999; enero, marzo, mayo, agosto, octubre, noviembre y diciem-bre de 2001, y enero, febrero y marzo de 2007. Señaló, ade-más, que el abogado de epígrafe adeuda los Informes de Actividad Notarial Anual correspondientes a 2003, 2004, 2005 y 2006.
Examinada la moción informativa de la Directora de ODIN, concedimos el término de veinte días al licenciado Feliciano Lassalle para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la notaría en Puerto Rico. Vencido el término concedido, el licenciado Feliciano Lassalle no compareció.
Posteriormente, la Leda. Lourdes I. Quintana Lloréns, actual Directora de ODIN, nos informó que el licenciado Feliciano Lassalle continuaba desatendiendo nuestras ór-denes, puesto que nunca presentó los índices mensuales requeridos. Acompañó la moción informativa con una Cer-tificación emitida el 21 de mayo de 2008 por la Supervisora de índices Notariales de ODIN, en la que reitera que el licenciado Feliciano Lassalle adeuda los índices notariales señalados en el párrafo anterior, así como los correspon- *114 dientes a 2007 y a enero, febrero, marzo y abril de 2008.
Aún hoy, el licenciado Feliciano Lassalle no ha compa-recido ante nos. Procedemos a resolver sin ulterior trámite.
II
 El Art. 12 de la Ley Notarial de Puerto Rico(1) y la Regla 12 de su reglamento(2) imponen a todo notario la obligación de rendir índices mensuales sobre sus activida-des notariales no más tarde del décimo día calendario del mes siguiente al mes informado. Tal obligación es de cum-plimiento estricto y no requiere conocimientos especiales, puesto que se trata de “un procedimiento tan sencillo que corresponde a todos los notarios diseñar un método para asegurar su cumplimiento”.(3)
En In re Sáez Burgos, 161 D.P.R. Ap. (2004), enfatizamos que la omisión de rendir índices notariales es una falta grave a los deberes que impone la investidura de la fe pública notarial al notario, y por ello tal conducta es merecedora de severas sanciones disciplinarias.(4) Asimismo, hemos resuelto que el dejar de enviar los referidos índices dentro del término exigido por ley, puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios.(5)
Es imperativo señalar que el ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. *115 Por ello, en In re Cruz Ramos, 127 D.P.R. 1005, 1007 (1991), expresamos que el abogado que no puede cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en el ejercicio de su honestidad profesional, abstenerse de practicar el notariado.
Por otro lado, hemos señalado una y otra vez que todo abogado tiene el ineludible deber de responder diligentemente a las órdenes de este Tribunal. Por ello, hemos resuelto que la inobservancia e indeferencia de los abogados con nuestras órdenes es razón suficiente para suspender a un abogado del ejercicio de la abogacía.(6) Evidentemente, dicho proceder constituye un acto obstinado de indisciplina y una patente violación al Canon 9 del Código de Etica Profesional, el cual le exige a todo letrado el mayor respeto hacia los tribunales.(7)
III
En el caso de autos, el licenciado Feliciano Lassalle ha incumplido reiteradamente con su obligación de rendir los índices notariales mensuales y con su deber de actuar dili-gentemente ante los múltiples requerimientos que le hiciera ODIN. A esos efectos, es preciso señalar que al examinar las fotocopias de los índices notariales provistos por el licen-ciado Feliciano Lassalle, surge que éstos no muestran la fe-cha ni la hora en que fueron presentados en ODIN.
En vista de lo anterior, ordenamos al licenciado Feli-ciano Lassalle que mostrara causa por la cual no debíamos suspenderlo de la notaría. No obstante, éste ignoró nuestra orden y no compareció. Su actitud de displicencia hacia este Tribunal no lo hace digno de continuar desempeñando la profesión legal. No cabe duda que su indiferencia hacia *116 las órdenes de este Tribunal y la falta de compromiso hacia el notariado demuestran que no le interesa continuar ejer-ciendo su profesión.
Por los fundamentos expuestos y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente al licenciado Feliciano Lassa-lle del ejercicio de la abogacía y la notaría.

Se impone a Carlos M. Feliciano Lassalle el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios reci-bidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y adminis-trativos del país, si tiene algún asunto pendiente en éstos.

Deberá, además, certificarnos dentro del término de treinta días contados a partir de la notificación de esta opi-nión “per curiam” y Sentencia, el cumplimiento de estos deberes.

Finalmente, el Alguacil de este Tribunal deberá incau-tarse de la obra y del sello notarial del abogado suspendido y entregarlos a la Directora de la Oficina de Inspección de Notarías para que realice la correspondiente investigación e informe.

 4 L.P.R.A. sec. 2023.

 4 L.P.R.A. Ap. XXIV.

 In re Cruz Ramos, 127 D.P.R. 1005, 1007 (1991).

 Véanse, además: In re Nogueras Cartagena, 127 D.P.R. 574 (1990); In re Santiago Arroyo, 132 D.P.R. 239 (1992); In re Castrillón Ramírez, 137 D.P.R. 459 (1994).

 In re Montañez Miranda, 158 D.P.R. 738 (2003); In re Alvarado Tizol, 122 D.P.R. 587 (1988)

 In re Laborde Freyre I, 154 D.P.R. 112 (2001); In re Osorio Díaz, 146 D.P.R. 39 (1998).

 4 L.P.R.A. Ap. IX, C. 9.