per curiam:
Una vez más nos vemos obligados a suspender a un miembro de la profesión legal por incumplir obs-tinadamente nuestras órdenes. Resulta verdaderamente *776 increíble enfrentarnos a una gran cantidad de letrados que hacen caso omiso a nuestras órdenes y apercibimientos, conociendo que tal proceder conlleva la suspensión inme-diata e indefinida de la profesión.
I
El Ledo. Héctor J. Miranda Casasnovas fue admitido al ejercicio de la abogacía el 1ro de noviembre de 1978 y al ejercicio de la notaría el 17 de noviembre de ese mismo año.
El pasado 16 de enero de 2008, la Directora de la Ofi-cina de Inspección de Notarías (ODIN), Leda. Lourdes I. Quintana Lloréns, nos informó que el licenciado Miranda Casasnovas no había presentado ante esa oficina los índi-ces notariales mensuales correspondientes desde el 2002 hasta el 2008 ni los Informes de Actividad Notarial Anual correspondientes desde el 2002 hasta el 2006.
La Directora de ODIN nos informó, además, que el li-cenciado Miranda Casasnovas había sido suspendido del ejercicio de la abogacía y la notaría el 12 de marzo de 1999 por falta de pago de la cuota anual del Colegio de Abogados y por no contestar las órdenes emitidas por este Tribunal. No obstante, el licenciado Miranda Casasnovas fue reins-talado al ejercicio de la abogacía el 7 de mayo de 1999, pero no fue hasta el 18 de enero de 2002 que fue reinstalado al ejercicio de la notaría. Es desde ese entonces que el licen-ciado Miranda Casasnovas no ha presentado ante ODIN los índices mensuales notariales y los Informes de Activi-dad Notarial Anual.
Luego de examinar la misiva cursada por la Directora de ODIN, el 8 de febrero de 2008 emitimos una Resolución para concederle al licenciado Miranda Casasnovas un tér-mino de veinte días para que se expresara sobre la comu-nicación presentada por ODIN. Como el licenciado Mi *777 randa Casasnovas hizo caso omiso a nuestra Resolución, el 4 de abril de 2008 le concedimos el término final de diez días para que informara las gestiones realizadas para dar cumplimiento a nuestras órdenes. Le apercibimos en dicha Resolución que el incumplimiento con el término concedido conllevaría sanciones disciplinarias severas, incluso la sus-pensión del ejercicio de la profesión.
El 9 de mayo de 2008, transcurrido el término de diez días concedido al licenciado Miranda Casasnovas, éste compareció ante nos y argüyó que luego de ser reinstalado al ejercicio de la notaría, no reactivó su práctica, razón por la cual entendió que no estaba obligado a rendir los índices e informes notariales. Indicó, además, que nunca había re-cogido su Protocolo, Libro de Afidávit ni sello notarial. Por último, sostuvo que le tomó por sorpresa la comunicación de ODIN puesto que no tenía conocimiento del asunto ni había sido notificado anteriormente. En contestación a la moción presentada por el licenciado Miranda Casasnovas, la Directora de ODIN, licenciada Quintana Lloréns, ar-güyó que la reinstalación del abogado de epígrafe a la no-taría tuvo efectividad inmediata.
Evaluadas las mociones presentadas por el licenciado Miranda Casasnovas y la Directora de ODIN, el 26 de sep-tiembre de 2008 le ordenamos al licenciado Miranda Ca-sasnovas que presentara los informes notariales mensua-les y anuales adeudados dentro del término de treinta días. Asimismo, le ordenamos pagar su fianza notarial y le aper-cibimos de que el incumplimiento con nuestras órdenes conllevaría la imposición de medidas disciplinarias.
Al día de hoy, el licenciado Miranda Casasnovas no ha comparecido ante nos. Pasamos a resolver.
*778 II
El Art. 12 de la Ley Notarial de Puerto Rico (Ley Notarial)(1) y la Regla 12 de su Reglamento,(2) imponen a todo notario la obligación de rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. De igual forma, los notarios tienen que remitir el índice mensual a ODIN aun cuando no hayan tenido actividad notarial durante ese mes.(3) En tal caso, los notarios deberán enviar un informe negativo sobre la actividad notarial. Sobre estos extremos, el Art. 12 de la Ley Notarial, supra, expresamente dispone que “no será excusa válida para el incumplimiento de rendir el índice mensual de actividad notarial el hecho de que el notario haya dejado de ejercer el notariado”. Hemos resuelto que dicha obligación es de cumplimiento estricto y no requiere conocimientos especiales, pues se trata de “un procedimiento tan sencillo que corresponde a todos los notarios diseñar un método para asegurar su cumplimiento ...”.(4)
Reiteradamente hemos enfatizado que la omisión de rendir índices notariales es una falta grave a los deberes que le impone la investidura de la fe pública notarial al notario, y por ello tal conducta merece severas sanciones disciplinarias.(5) Debemos puntualizar, además, que dejar de enviar los referidos índices dentro del término exigido por ley puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los notarios.(6)
*779 Evidentemente, el ejercicio del notariado exige un grado razonable de organización administrativa, supervisión, responsabilidad y consciencia pública. En armonía con lo anterior, en In re Cruz Ramos, 127 D.P.R. 1005, 1007 (1991), expresamos que el abogado que no puede cumplir cabalmente con las obligaciones que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en el ejercicio de honestidad profesional, abstenerse de practicar el notariado.
Por otra parte, hemos señalado una y otra vez que todo abogado tiene el ineludible deber de responder diligentemente a las órdenes de este Tribunal. Por ello, hemos resuelto que la inobservancia e indiferencia de los abogados con nuestras órdenes es razón suficiente para suspender indefinidamente a un abogado del ejercicio de la abogacía.(7) No cabe duda de que tal proceder constituye un acto obstinado de indisciplina y una patente violación al Canon 9 del Código de Etica Profesional, el cual le exige a todo letrado el mayor respeto hacia los tribunales.(8)
III
En el presente caso, el licenciado Miranda Casasnovas ha incumplido reiteradamente con su obligación de rendir los índices notariales mensuales y con su deber de actuar diligentemente ante las órdenes de este Tribunal. Tal y como señalamos, el licenciado Miranda Casasnovas no re-mitió a ODIN los índices notariales correspondientes desde el 2002 hasta el presente y tampoco entregó el Informe Anual sobre Actividad Notarial relativo desde el 2002 hasta el 2006.
No empece lo anterior, el licenciado Miranda Casasno-vas ignoró nuestra orden, no compareció y no presentó los *780 índices notariales y los informes anuales ante ODIN. Su actitud de displicencia hacia este Tribunal no lo hace digno de continuar desempeñando la profesión legal. No cabe duda de que su indiferencia hacia las órdenes de este Tribunal y la falta de compromiso hacia el notariado eviden-cian que no le interesa continuar ejerciendo su profesión. Es preciso señalar que no es la primera vez que tenemos que ejercer nuestra facultad disciplinaria respecto al licen-ciado Miranda Casasnovas por incumplir con nuestras órdenes. (9) Por eso, procede que decretemos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.
Por los fundamentos expuestos y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inmediata e indefinidamente al licenciado Miranda Casas-novas del ejercicio de la abogacía y la notaría. Se le impone a Héctor J. Miranda Casasnovas el deber de notificar a todos sus clientes de su inhabilidad para seguir represen-tándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su sus-pensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos. Deberá, además, certificarnos dentro del término de treinta días a partir de la notificación de esta opinión “per curiam”y Sen-tencia, del cumplimiento de estos deberes.

Por último, el Alguacil de este Tribunal deberá incau-tarse de la obra y del sello notarial del abogado suspendido y entregarla a la Directora de la Oficina de Inspección de Notarías para que realice la correspondiente investigación e informe.

 4 L.P.R.A. sec. 2023.

 4 L.P.R.A. Ap. XXIV.

 4 L.P.R.A. sec. 2023.

 In re Cruz Ramos, 127 D.P.R. 1005, 1007 (1991).

 Véanse: In re Castrillón Ramírez, 137 D.P.R. 459 (1994); In re Santiago Arroyo, 132 D.P.R. 239 (1992); In re Nogueras Cartagena, 127 D.P.R. 574 (1990).

 In re Montañez Miranda, 158 D.P.R. 738 (2003); In re Alvarado Tizol, 122 D.P.R. 587 (1988).

 In re Laborde Freyre I, 154 D.P.R. 112 (2001); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Pagán Ayala, 130 D.P.R. 678, 683 (1992).

 4 L.P.R.A. Ap. IX.

 El licenciado Miranda Casasnovas fue suspendido de la abogacía y la notaría mediante opinión per curiam y Sentencia de 12 de marzo de 1999 por incumplir con nuestras órdenes y no pagar la cuota de colegiación del Colegio de Abogados de Puerto Rico.