*In re* LUIS A. GONZÁLEZ GONZÁLEZ.

*Número:* MC-87-30     *Resuelto:* 27 de octubre de 1987

*Harry N. Padilla Martínez*, abogado del querellado; *Eliadís Orsini Zayas, Procuradora General Auxiliar*, abogada de El Pueblo.

I

PER CURIAM: Luis A. González González fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982. Juró como notario público el 16 de marzo de 1983.[1]

El 5 de abril de 1983 se personó a su residencia su amigo de infancia Juan A. Vega González, quien le solicitó que le juramentara el traspaso del Oldsmobile, modelo 1980, tablilla 88A381. En el documento de licencia figuraba el nombre y firma de Orlando Cruz como vendedor. Vega González le indicó y reiteró al notario González González que dicha firma correspondía a Cruz y no existía problema alguno. A su requerimiento, y por responder a reclamos de amistad, el notario procedió a autenticar el traspaso y lo anotó en el Libro de Afidávit con el número uno (1).

En una investigación criminal, González González —entonces Fiscal Auxiliar— prestó declaración jurada ante el fiscal Luis A. Román y relató la forma y manera del otorgamiento del referido afidávit. La investigación culminó en una acusación contra Juan A. Vega González (Cr. G-84-32) ante el Tribunal Superior, Sala de Aguadilla, por haber registrado y reclamado falsamente el hurto de dicho vehículo con el propósito de defraudar a la aseguradora

---

[1] A raíz de su nombramiento como Fiscal Auxiliar del Tribunal de Distrito, cesó voluntariamente en la notaría el 6 de septiembre de 1983. Fue readmitido a dicha práctica el 21 de agosto de 1985. Al momento de ser admitido nuevamente, este foro desconocía los hechos aquí expuestos. Su expediente no los reflejaba. Tampoco se había presentado el informe que nos ocupa.

Nationwide Insurance Co. Esa causa terminó en una sentencia de archivo por transacción.

Por estos hechos, el Procurador General nos sometió un informe sobre violación al Canon 35 de Ética Profesional, 4 L.P.R.A. Ap. IX —no ajustarse a la sinceridad de los hechos al redactar afidávit— e infracción al principio de fe notarial de la entonces vigente Ley Notarial, 4 L.P.R.A. sec. 1001 y ss. Dentro del término concedido ha comparecido el abogado González González a exponer las razones por las cuales no debe ser disciplinado.

## II

De entrada, no está en controversia la violación al Canon 35 y a la Ley Notarial. En su comparecencia, González González lo admite y nos invita a que, en justicia y equidad, limitemos nuestra sanción a una amonestación e inclusión en su expediente profesional.

En su apoyo nos relaciona las circunstancias familiares y de estrechez económica en que cursó sus estudios; que goza de excelente reputación profesional y personal; pertenece y colabora con un sinnúmero de asociaciones cívicas y recreativas; es miembro del Programa Pro Bono del Colegio de Abogados y del Programa Práctica Legal Compensada de la Corporación de Servicios Legales para personas de escasos recursos económicos; que su acción fue producto de su inexperiencia movido por la amistad hacia Vega González; no medió intención de fraude, depravación moral o colusión; al ser requerido aceptó su responsabilidad y cooperó en la investigación criminal; y que el tiempo transcurrido sin solucionarse el asunto constituye suficiente castigo. Acompaña varias declaraciones de jueces y abogados expositivas de su solvencia moral y profesional.

### III

■ No podemos acceder a su pedido y limitar la sanción a una simple amonestación. La fe pública notarial, como elemento objetivo que se concretiza a través de la persona del notario con la presencia del compareciente, es la espina dorsal de todo el esquema de autenticidad documental. Cuando se quiebra, todo el sistema se afecta. *In re Feliciano Ruiz*, 117 D.P.R. 269 (1986). La responsabilidad del notario es personal, indivisible e indelegable. *In re Laboy*, 113 D.P.R. 476, 481 (1982); *In re Meléndez Pérez*, 104 D.P.R. 770 (1976).

■ En lo que atañe a la infracción ante nos, "[r]epetidamente hemos advertido a los notarios de su obligación de cumplir estrictamente con lo preceptuado en la Ley Notarial. Deben ser exigentes y abstenerse de dar fe notarial de declaración jurada si la persona que va a otorgar el documento o la declaración jurada no ha comparecido personalmente". *In re Sánchez Ruiz*, 105 D.P.R. 848, 849 (1977).

En los últimos años han aumentado notablemente los miembros de la profesión de abogado. Igual ha sucedido con el ejercicio de la notaría. Sin que profundicemos en las razones, ello ha conllevado un incremento natural en los casos disciplinarios, incluso los de infracción a la Ley Notarial.

Reafirmamos nuestro compromiso de velar por y lograr la máxima excelencia en la profesión y función notarial. *In re Tirado Saltares*, 118 D.P.R. 576 (1987); *In re Pedraza González*, 118 D.P.R. 87 (1986); *In re Aponte Arche*, 117 D.P.R. 837 (1986); *In re De Jesús Fuentes*, 117 D.P.R. 90 (1986); *In re Todd Arias*, 117 D.P.R. 10 (1986); *In re Rivera Lassen*, 116 D.P.R. 325 (1985); *In re Colón de Zengotita*, 116 D.P.R. 303 (1985).

Ante esta realidad, redoblamos nuestros esfuerzos. Luego de tomar como atenuantes las circunstancias invocadas por el notario González González *circunscribimos nuestra sanción a una suspensión de un (1) año del ejercicio de la notaría.*

*Se dictará la correspondiente sentencia.*