EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
| | 2002 TSPR 53 |
| María Milagros Charbonier Laureano | 156 DPR ____ |

Número del Caso: CP-2001-1

Fecha: 11/abril/2002

Oficina del Procurador General:

Lcda. Carmen A. Riera Cintrón
Procuradora General Auxiliar

Abogada de la Parte Querellada:

Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

María Milagros Charbonier            CP-2001-1
Laureano

PER CURIAM

San Juan, Puerto Rico, a 11 de abril de 2002

Como consecuencia de una queja que se presentara ante este Tribunal contra la abogada-notario María Milagros Charbonier Laureano, relativa la misma a alegada conducta anti-ética, por el señor Radamés Mejías Salinas, este Tribunal refirió el asunto a la Oficina del Procurador General de Puerto Rico para que llevara a cabo una investigación al respecto.

Realizada la misma, y habiendo rendido el Procurador General el informe correspondiente, instruimos al mencionado funcionario para que radicara una Querella contra la referida abogada notario. En la querella que se radicara se le

imputaron a la Lcda. Charbonier Laureano dos cargos, esto es, haber violado las disposiciones de los Cánones 35 y 38 de Etica Profesional.

Contestada la Querella por la Lcda. Charbonier Laureano, designamos al Lcdo. Agustín Mangual Hernández como Comisionado Especial "para que en presencia de las partes...reciba la prueba y nos rinda un informe con sus determinaciones de hechos y las recomendaciones que estime pertinente". En su Informe, el Comisionado Especial nos indica que las partes decidieron someter el asunto por medio de una estipulación de hechos.

Conforme surge de la referida estipulación, el 27 de octubre de 1999 se presentaron en la oficina de la abogada querellada los señores Angel Díaz y Roberto Vélez con el propósito de firmar, ante dicha abogada, una declaración jurada pre-impresa, lo cual hicieron en presencia de la notario. Es de notar que en la mencionada declaración pre-impresa aparecían, como comparecientes en el texto de la misma y en la parte del juramento, los nombres de José Dávila y Candelaria Allende, personas que no comparecieron ese día ante la notario.

Ello no obstante, la notario Charbonier Laureano procedió a autorizar la mencionada declaración jurada pre-impresa sin tachar o borrar, del texto y del juramento, de la misma los nombres de las dos personas que no habían comparecido ante ella, permitiendo de esa forma que sucediera, como posteriormente sucedió[1], que dichas personas firmaran la declaración jurada tal y como si hubiera sido ante su presencia.

Procede que se señale, por otro lado, que la mencionada declaración jurada fue presentada, posteriormente, en evidencia en un procedimiento judicial. Debe indicarse, sin embargo, que no existe evidencia de que el contenido de la declaración en controversia fuera falso y/o de que persona alguna resultara perjudicada por la actuación de la notario. Finalmente es de notar que la notario Charbonier Laureano hizo constar, en el índice notarial correspondiente al mes de la otorgación del documento, que únicamente habían comparecido ante ella los señores Roberto Vélez y Angel

Díaz; que la notario querellada admite que fue negligente al actuar en la forma que lo hizo; y que las partes específicamente estipularon que "la omisión de la Notario querellada no fue producto de la mala fe, ni con el propósito de defraudar, sino producto de la falta de cuidado".

I

Como es sabido, la práctica notarial es una que está rigurosamente reglamentada en nuestra jurisdicción. Los testimonios o declaraciones de autenticidad, bajo la fe pública están reglamentados por los Artículos 56 a 60 de la Ley Notarial, 4 L.P.R.A. sec. 2091 y ss. y por las Reglas 64 a 73 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, R.64 a 73.

En Puerto Rico, los notarios son los funcionarios encargados de garantizar la autenticidad de las firmas hechas ante sí, mediante la fe pública notarial. Artículo 2 de la Ley Notarial, 4 L.P.R.A. sec. 2002. La intervención del notario otorga una presunción de veracidad a los documentos en que interviene. P.A.C. v. E.L.A., res. el 25 de febrero de 2000, 2000 T.S.P.R. 29. La notaría es una función de cuidado que debe ser ejercida con suma diligencia y celo profesional. In re: Torres Olmeda, res. el 23 de abril de 1998, 98 T.S.P.R. 48; In re: Cruz Ramos, 127 D.P.R. 1005 (1991); In re: Rodríguez Mena, 126 D.P.R. 205 (1990); In re: Vergne Torres, 121 D.P.R. 500 (1988).

La fe pública notarial, como elemento objetivo que se concretiza a través de la persona del notario con la presencia del compareciente, es la espina dorsal de todo el esquema e autenticidad documental. In re: González González, 119 D.P.R. 496, 499 (1987); In re: Vargas Hernández, 135 D.P.R. 603 (1994). La dación de fe está avalada por la confianza de que los hechos jurídicos y circunstancias que acredita el notario fueron percibidos por sus sentidos. In re: Feliciano Ruiz, 117 D.P.R. 269, 275 (1987). Certificar un hecho falso, por lo tanto, es una de las faltas más graves que puede cometer un notario. Este Tribunal ha advertido a los notarios de su obligación de

---

[1] Posteriormente, la señora Candelaria Allende firmó dicha declaración jurada fuera de la presencia de la notario Charbonier Laureano.

cumplir estrictamente con lo preceptuado en la Ley Notarial. Deben ser exigentes y abstenerse de actuar respecto a una declaración jurada si la persona que va a otorgar la misma no ha comparecido personalmente. In re: Vargas Hernández, ante, pág. 608.

Una vez el notario se aparta de cumplir con las obligaciones y deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública en él depositada. In re: Juan Capestany Rodríguez, res. el 30 de junio de 1999, 99 T.S.P.R. 109.

Este Tribunal ha establecido que otorgar un documento notarial en contravención a nuestra Ley Notarial constituye una violación a los Cánones 35 y 38 del Código de Etica Profesional. Véase In re: Vera Vélez, res. el 5 de abril de 1999, 99 T.S.P.R. 46.

Es correcto que, conforme la estipulación de las partes, la actuación de la notario Charbonier Laureano no fue producto de la mala fe. Ello no obstante, hemos resuelto que no se requiere que el notario haya faltado a la verdad intencionalmente para faltar a la fe pública y a los Cánones de Etica Profesional. In re: Rivera Arvelo y Ortiz Velásquez, 132 D.P.R. 840 (1993). Dicha falla puede ser el resultado de un desempeño profesional carente de cautela y el celo que demanda la función pública del notario. In re: Vera Vélez, ante.

Concluimos, en consecuencia, que la abogada notario Maria Milagros Charbonier Laureano, al actuar como lo hizo el día 27 de octubre de 1999, efectivamente infringió las disposiciones de los Cánones 35 y 38 de Etica Profesional. Somos del criterio que, en vista de que la presente constituye la primera queja o querella radicada contra la mencionada abogada notario, procede que en esta ocasión únicamente censuremos a la referida abogada. Se le apercibe contra futuras infracciones.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María Milagros Charbonier            CP-2001-1
Laureano

SENTENCIA

San Juan, Puerto Rico, a 11 de abril de 2002

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia censurando y apercibiendo a la Lcda. María Milagros Charbonier Laureano contra futuras infracciones.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rivera Pérez no intervino.

Carmen E. Cruz Rivera
Secretaria del Tribunal Supremo Interina