*In re* RAMÓN E. SURILLO ASCAR.

*Número:* AB-2003-104      *Resuelto:* 26 de noviembre de 2003

*Roberto J. Sánchez Ramos*, procurador general; *Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Guillermo Figueroa Prieto* y *Luis E. Cintrón Cintrón*, abogados de la parte querellada.

PER CURIAM: El Lcdo. Ramón E. Surillo Ascar fue admitido al ejercicio de la profesión jurídica el 1 de noviembre de 1978. El 15 de noviembre de ese año se le admitió al ejercicio de la notaría.

El 4 de junio de 2003 el Procurador General de Puerto Rico nos rindió un informe mediante el cual nos expuso los hechos medulares siguientes:

Primero, que el licenciado Surillo Ascar había autorizado varios documentos, en los cuales daba fe de que los comparecientes habían suscrito y firmado dichos documentos ante él, aunque los otorgantes no habían estado presentes.

Segundo, que como parte de una investigación del De-

partamento de Justicia relacionada con este asunto, el licenciado Surillo Ascar había admitido en una declaración jurada que había incurrido en una violación a la Ley Notarial, consistente en notarizar varios documentos sin que las partes suscribientes estuviesen presentes.

El 7 de agosto de 2003 compareció ante nos el licenciado Surillo Ascar, representado por su abogado, y aceptó, *inter alia*, que había faltado a la Ley Notarial al autenticar las firmas de varias personas en sendos documentos notariales sin que los firmantes estuviesen en su presencia. Admitió asimismo que tal conducta constituía una violación al Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

## I

Aplaudimos la sinceridad del licenciado Surillo Ascar al admitir como lo ha hecho que actuó en violación a la Ley Notarial y a los cánones del Código de Ética Profesional. Su honestidad, sin embargo, no lo releva de la sanción que debemos imponerle.

Reiteradamente hemos preceptuado que la notaría es una función de cuidado que debe ser ejercida con suma diligencia y celo profesional. Asimismo, hemos reiterado que la certificación de un hecho falso es una de las faltas más graves que puede cometer un notario. Específicamente, hemos advertido muchas veces que un notario debe abstenerse de actuar respecto a una declaración jurada si la persona que la va a otorgar no ha comparecido personalmente. *In re Charbonier Laureano*, 156 D.P.R. 575 (2002); *In re Vargas Hernández*, 135 D.P.R. 603 (1994); *In re Nieves Rivera*, 124 D.P.R. 803 (1989); *In re Sánchez Ruiz*, 105 D.P.R. 848 (1977).

En el caso de autos, el licenciado Surillo Ascar incurrió en una grave violación de su deber como notario. En vista de ello, *se dictará sentencia mediante la cual se le separe indefinidamente del ejercicio de la notaría.*

El Juez Presidente Interino Señor Rebollo López y el Juez Asociado Señor Rivera Pérez no intervinieron.