EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>     Ramón E. Surillo Ascar | Queja<br><br>2004 TSPR 12<br><br>160 DPR _____ |

Número del Caso: AB-2003-104


Fecha: 26 de noviembre de 2003


 Oficina del Procurador General:

                         Lcda. Yvonne Casanova Pelosi
                         Procuradora General Auxiliar

 Abogado del Querellado:
                         Lcdo. Guillermo Figueroa Prieto


Materia: Conducta Profesional
        (La suspensión será efectiva una vez advenga final y
        firme la Sentencia, conforme la Regla 45 del Reglamento
        del Tribunal Supremo sobre reconsideración.)


Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

AB-2003-104

Ramón E. Surillo Ascar

PER CURIAM

San Juan, Puerto Rico, a 26 de noviembre de 2003.

El Lcdo. Ramón E. Surillo Ascar fue admitido al ejercicio de la profesión jurídica el 1 de noviembre de 1978. El 15 de noviembre de ese año se le admitió al ejercicio de la notaría.

El 4 de junio de 2003 el Procurador General de Puerto Rico nos rindió un informe mediante el cual nos expuso los hechos medulares siguientes:

Primero, que el licenciado Surillo Ascar había notarizado varios documentos, en los cuales daba fe de que los comparecientes habían suscrito y firmado dichos documentos ante él, aunque los otorgantes no habían estado presentes.

Segundo, que como parte de una investigación del Departamento de Justicia relacionada con este asunto, el licenciado Surillo Ascar había admitido

en una declaración jurada que había incurrido en una violación a la Ley Notarial consistente en notarizar varios documentos sin que las partes suscribientes estuviesen presentes.

El 7 de agosto de 2003 compareció ante nos el licenciado Surillo Ascar, representado por su abogado, y aceptó, *inter alia*, que había faltado a la Ley Notarial al autenticar las firmas de varias personas en sendos documentos notariales sin que los firmantes estuviesen en su presencia. Admitió así mismo que tal conducta constituía una violación al Canon 35 del Código de Ética Profesional.

## II

Aplaudimos la sinceridad del licenciado Surillo Ascar al admitir como lo ha hecho que actuó en violación a la Ley Notarial y a los Cánones de Ética Profesional. Su candidez, sin embargo, no lo releva de la sanción que debemos imponerle.

Reiteradamente hemos preceptuado que la notaría es una función de cuidado que debe ser ejercida con suma diligencia y celo profesional. Así mismo, hemos reiterado que la certificación de un hecho falso es una de las faltas más graves que puede cometer un notario. Específicamente hemos advertido muchas veces antes que un notario debe abstenerse de actuar respecto a una declaración jurada si la persona que la va a otorgar no ha comparecido personalmente. In re: Charbonier Laureano, res. el 11 de abril de 2002, 156 D.P.R.

___, 2002 TSPR 53, 2002 JTS 56; <u>In re: Vargas Hernández</u>, 135 D.P.R. 603 (1994); <u>In re: Nieves Rivera</u>, 124 D.P.R. 803 (1989); <u>In re: Sánchez Ruiz</u>, 105 D.P.R. 848 (1977).

En el caso de autos, el licenciado Surillo Ascar incurrió en una grave violación de su deber como notario. En vista de ello, se dictará sentencia mediante la cual se le separe indefinidamente del ejercicio de la notaría.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón E. Surillo Ascar

AB-2003-104

SENTENCIA

San Juan, Puerto Rico, a 26 de noviembre de 2003.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se suspende indefinidamente al Lcdo. Ramón E. Surillo Ascar del ejercicio de la notaría.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Interino señor Rebollo López y el Juez Asociado señor Rivera Pérez no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo