EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In Re:<br><br>Julio E. Rivera Aponte | 2007 TSPR 14<br><br>170 DPR \_\_\_\_ |

Número del Caso: AB-2004-64

Fecha: 19 de diciembre de 2006

Abogados de la Parte Peticionaria:

                Lcdo. Pedro E. Ortiz Álvarez
                Lcda. Pilar Muñoz Nazario


Oficina de Inspección de Notarías:

                Lcda. Carmen H. Carlos
                Directora

                Lcda. Marla D. Ríos Díaz
                Directora Auxiliar

Materia: Conducta Profesional
      (La suspensión del abogado advino final y firme el día
       25 de enero de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In Re*:

Julio E. Rivera Aponte

AB-2004-64

*PER CURIAM*

En San Juan, Puerto Rico, a 19 de diciembre de 2006.

El Lcdo. Julio E. Rivera Aponte fue admitido al ejercicio de la abogacía y la notaría en 1986. El 12 de marzo de 2004 el Contralor de Puerto Rico presentó una queja ante este Tribunal alegando que el licenciado Rivera Aponte había incurrido en conducta violatoria de la Ley Notarial y los Cánones 35 y 38 del Código de Ética Profesional.

En dicha queja, el Contralor explicó que una auditoría realizada al Municipio de Guayanilla reveló que el licenciado Rivera Aponte dio fe, en una declaración jurada de abril de 2001, de que los declarantes la habían suscrito y firmado en su presencia, sin que éste realmente estuviera presente en la firma del documento. La declaración fue suscrita por tres policías municipales y una secretaria de la Policía Municipal.

Ordenamos al notario, Lcdo. Rivera Aponte, expresarse sobre la queja presentada por el Contralor. En su comparecencia, el notario no niega los hechos alegados por el Contralor y se limita a explicar que a pesar de no recordar las circunstancias en que se suscribió la declaración jurada, sí reconoce que el documento contiene su firma y sello notarial. Añade que no ha podido encontrar en su Registro de Testimonios la anotación correspondiente.

Luego de recibir la contestación del notario, referimos el caso a la Oficina de Inspección de Notaría, en adelante ODIN. En su informe, ODIN explica que la declaración jurada es nula porque ésta no fue anotada en el Registro de Testimonios del notario, ni tampoco informada en su índice notarial. ODIN concluye que el procedimiento utilizado para otorgar la declaración jurada no cumplió con los requisitos establecidos para ello en nuestro ordenamiento.

Finalmente, el licenciado Rivera Aponte respondió al informe de la ODIN, aceptando la falta que se le imputa. Solicita, además, que al momento de determinar la sanción disciplinaria correspondiente, este foro tome en consideración las circunstancias atenuantes particulares aplicables a su caso.

II

La fe pública notarial es la espina dorsal de todo el esquema de autenticidad documental. In re Tejada Rivera, 155 D.P.R. 175, 180 (2001). Por eso, el artículo 2 de la Ley Notarial de 1987, Ley Núm. 75 de 2 de julio de 1987, delega al notario la función de ser el principal custodio de la fe pública notarial:

> El notario es el profesional del Derecho que ejerce una función pública, autorizado para dar fe y autenticidad conforme a las leyes de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen, sin perjuicio de lo dispuesto en las leyes especiales. Es su función recibir e interpretar la voluntad de las partes, dándole forma legal, redactar las escrituras y documentos notariales a tal fin y conferirle[s] autoridad a los mismos. La fe pública al notario es plena respecto a los hechos que, en el ejercicio de su función personalmente ejecute o compruebe y también respecto a la forma, lugar, día y hora del otorgamiento. 4 L.P.R.A. sec. 2002.

A base de esta función pública, existe una presunción de que un documento notarial avalado por la dación de fe de un notario cumple con todas las formalidades de ley y es legal, verdadero y legítimo. Además, la dación de fe brinda la confianza de que los hechos jurídicos y circunstancias que acredita el notario fueron percibidos y comprobados con sus sentidos o ejecutados por él. In re Feliciano, 117 D.P.R. 269, 275 (1986). Véase además, In re Vera Vélez, 148 D.P.R. 1, 7 (1999). Es precisamente esta presunción de legalidad, veracidad y legitimidad lo que le brinda certeza, garantía y eficacia al documento notarial. Por esto, es imprescindible que el notario actúe con el más alto grado de honradez y honestidad como custodio de la fe pública notarial. In re Ramos, 104 D.P.R. 568, 570 (1976). Véase además, In re Vera Vélez, supra, 7, In re Tejada Rivera, supra, 180.

Al ejercer esta función pública el notario debe cumplir estrictamente tanto con la Ley Notarial como con el Código de Ética Profesional, cuyo Canon 35 impone a todo abogado un deber de sinceridad y honradez. 4 L.P.R.A. Ap. IX, C.35. In re Vera Vélez, supra, 7. Dicho canon dispone lo siguiente:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus

representados y en las relaciones con sus compañeros debe ser sincera y honrada.

No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. Es impropio variar o distorsionar las citas jurídicas, suprimir parte de ellas para transmitir una idea contraria a la que el verdadero contexto establece u ocultar alguna que le es conocida.

El abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar afidávit u otros documentos, y al presentar causas. El destruir evidencia documental o facilitar la desaparición de evidencia testifical en un caso es también altamente reprochable. 4 L.P.R.A. Ap. IX, C. 35.

Conforme a esta disposición, cuando un notario da fe de un hecho falso "[n]o sólo quebranta la fe pública notarial, si no también socava la integridad de la profesión al incumplir con el deber de honradez y sinceridad que a todo abogado le impone el Canon 35 del Código de Ética Profesional, supra." In re Rivera Arvelo y Ortiz Velázquez, 132 D.P.R. 840, 863 (1993). Véase además, In re Vera Vélez, supra, 7-8.

Un testimonio o declaración de autenticidad es un documento notarial en el cual el notario da fe de la veracidad de un hecho que le consta de personal conocimiento. El testimonio puede referirse, entre otras cosas, a la legitimación de firmas. In re Figueroa Álvarez, 155 D.P.R. 875, 882 (2001). Véase además, Art. 56 de la Ley Notarial, supra. En especial, un testimonio de legitimación de firma acredita el hecho de que en determinada fecha, una firma fue puesta en presencia del notario y por la persona que el notario acredita que es quien dice ser. Este tipo de testimonio puede o no comprender el juramento o afirmación del firmante. En este testimonio, el notario hará constar su conocimiento

personal del firmante o en su defecto la utilización de los medios supletorios de identificación que provee el artículo 17 de la Ley Notarial, supra. Regla 67 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV R. 67.

En casos anteriores hemos explicado que la fe de conocimiento persigue evitar la suplantación de las partes al autorizar el documento notarial. El mecanismo para lograr correspondencia real y legítima entre persona y firma, es que la ley exija la comparecencia y conocimiento por el notario. In re Cruz Cruz, 126 D.P.R. 448, 451 (1990). Véase además, In re Medina Lugo, 136 D.P.R. 120, 124 (1994).

Además de las exigencias de la Ley Notarial, cuando un notario autoriza un testimonio de legitimación de firma debe cumplir con el deber de sinceridad y honradez impuesto por el Canon 35 del Código de Ética Profesional, supra. El notario debe ajustarse a la sinceridad y realidad de los hechos que acredite bajo su fe notarial.

Respecto a las declaraciones juradas, que son testimonios de legitimación de firma, es norma reiterada por este Tribunal que conforme a lo que exigen la Ley Notarial y el Canon 35 del Código de Ética Profesional, los notarios "[d]eben ser exigentes y abstenerse de dar fe notarial de declaración jurada si la persona que va a otorgar el documento o la declaración jurada no ha comparecido personalmente." In re Sánchez Ruiz, 105 D.P.R. 848, 849 (1977). Véase además, In re Surillo Ascar, 2004 T.S.P.R. 12, In re Medina Lugo, supra, 124, In re López de Victoria Bras, 135 D.P.R. 688, 695-696 (1994), In re Vargas Hernández, 135 D.P.R. 603, 608 (1994), In re Nieves

Rivera, 124 D.P.R. 803, 808 (1989), In re González González, 119 D.P.R. 496, 499 (1987).

En una declaración jurada la fe pública se concretiza a través de la persona del notario con la presencia del compareciente o firmante. In re González González, supra, 499. Por esto, si al momento de firmar la declaración jurada el notario no está presente o si el documento es autorizado en ausencia de la persona firmante, el notario quebranta la fe pública notarial, afectando todo el sistema. Id.

De igual forma, si el notario da fe de que la declaración jurada fue suscrita y firmada por los declarantes en su presencia y esto es un hecho falso, el notario quebranta el deber de sinceridad y honradez que le impone el Canon 35 del Código de Ética Profesional. Además, es norma clara de este Tribunal que la certificación de un hecho falso es una de las faltas más graves que puede cometer un notario. In re Vargas Hernández, supra, 607.

En este caso en particular, el licenciado Rivera Aponte autorizó una declaración jurada en ausencia de los declarantes y sin haber estado presente al momento en que éstos firmaron el documento. Además, el notario dio fe de que los declarantes habían suscrito y firmado la declaración jurada en su presencia, cuando esto implicaba acreditar un hecho falso en el documento notarial.

Esta actuación del licenciado Rivera Aponte es evidentemente quebrantadora de la fe pública notarial y violatoria del deber de sinceridad y honradez que le impone el Canon 35 del Código de Ética Profesional. Hemos repudiado dicha práctica reiteradamente. La misma ha

generado seria preocupación respecto a la importancia que le brindan los notarios a su función pública de ser los principales custodios de la fe pública notarial. In re Sánchez Ruiz, supra. Véase además, In re Surillo Ascar, supra, In re Medina Lugo, supra, In re López de Victoria Bras, supra, In re Vargas Hernández, supra, In re Nieves Rivera, supra, In re González González, supra.

Procede, pues, disciplinar la conducta antiética del licenciado Rivera Aponte. Lo hacemos, al igual que en casos anteriores, tomando en consideración los siguientes factores:

> (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (viii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. In re Quiñones Ayala, 2005 T.S.P.R. 99. Véase además, In re Meléndez la Fontaine, 2006 T.S.P.R. 22.

Debido a la buena reputación del licenciado Rivera Aponte, el hecho de que ésta es su primera falta, que la aceptó y mostró su arrepentimiento, que la conducta sancionada fue una conducta aislada dentro de sus 20 años de desempeño como notario y que no actuó movido por ánimo de lucro, se ordena la suspensión del licenciado Rivera Aponte del ejercicio de la notaría por el término de un (1) mes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio E. Rivera Aponte          AB 2004-64
    Queja

SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2006.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente, se suspende al licenciado Rivera Aponte del ejercicio de la notaría por el término de un (1) mes.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del licenciado Rivera Aponte y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Fuster Berlingeri no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo