EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Marylin R. Llanis Menéndez | 2008 TSPR 179<br><br>175 DPR __ |

Número del Caso: TS-9270


Fecha: 31 de octubre de 2008


Abogado de la Parte Peticionaria:


        Lcda. Margarita Gómez Vázquez


Oficina de Inspección de Notarías:


        Lcda. Lourdes I. Quintana Lloréns

        Directora


Materia: Conducta Profesional

      (La suspensión será efectiva el 13 de noviembre de 2008 fecha en que se le notificó al abogado de su suspensión inmediata.)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marylin R. Llanis Menéndez          TS-9270

PER CURIAM

San Juan, Puerto Rico, a 31 de octubre de 2008.

En el ejercicio de nuestra autoridad disciplinaria, nos corresponde evaluar la actuación de una notario que autorizó una declaración jurada, a pesar de que las partes otorgantes no comparecieron ante ella ni firmaron el documento. Tras analizar detenidamente el asunto, decretamos su suspensión del ejercicio de la notaría por el término de un mes.

I.

La Lcda. Marylin R. Llanis Menéndez fue admitida al ejercicio de la abogacía el 28 de junio de 1989 y al ejercicio de la notaría el 15

de agosto de 1989.  El 15 de enero de 2008 la Oficina del

Procurador General refirió a la Oficina de Inspección de

Notarías (ODIN) una comunicación de la Directora de la

Unidad de Investigaciones de la Fiscalía de Bayamón, Lcda.

Zulma O. Delgado Colón.  En ésta se indicó que dentro del

curso de una investigación criminal realizada por dicha

unidad sobre una posible infracción a la Ley de Propiedad

Vehicular, los fiscales se percataron que una declaración

jurada suscrita por la licenciada Llanis Menéndez no

contenía las firmas de las partes involucradas.[1]  Ésta

acreditaba el traspaso de título de una motora marca Suzuki

modelo GSX 1300 de su dueña, Daisy Torres de Jesús, a favor

de su hijo, Gilberto Lozada Torres.[2]

A pesar de no contar con las firmas de la señora

Torres de Jesús ni del señor Lozada Torres, la licenciada

Llanis Menéndez estampó su sello y su firma en dicho

documento, luego de dar fe de que las partes habían jurado

y firmado lo allí expuesto ante ella.  Además, indicó que

identificó a cada una de las partes mediante sus

respectivas licencias de conducir.  De la faz del documento

se desprende que las partes no comparecieron ante la

---

[1] Se trata del testimonio número 5100, suscrito el 23 de mayo de 2006.

[2] La investigación llevada a cabo por la Fiscalía de Bayamón giró en torno a posibles violaciones a la Ley de Propiedad Vehicular supuestamente cometidas por el señor Lozada Torres.  Sin embargo, dicha investigación concluyó sin la presentación de cargos en contra de éste, tras determinarse que no existía prueba suficiente para procesarlo por delito alguno.

notario a firmar la declaración jurada, contrario a lo requerido por la Ley Notarial de Puerto Rico, 4 L.P.R.A. secs. 2091 y 2092, y por el Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, Rs. 65 y 67.

El 17 de marzo de 2008 ODIN nos sometió un informe sobre el estado de la notaría de la Lcda. Marylin R. Llanis Menéndez. En dicho informe nos refirió la comunicación de la Oficina del Procurador General. Luego que ODIN recibiera dicho referido, le notificó a la licenciada Llanis Menéndez y le concedió un término para que se expresara al respecto. Ésta compareció y, contando con lo expresado por ella, ODIN preparó el informe correspondiente y lo refirió a nuestra consideración. Conforme lo dispuesto por la Regla 82 del Reglamento Notarial, 4 L.P.R.A. Ap. XXIV, le concedimos a la licenciada Llanis Menéndez un término de veinte días para que respondiera al mencionado informe. Luego de varios incidentes procesales, ésta compareció finalmente ante este Foro.

En su comparecencia, la licenciada Llanis Menéndez aceptó haber cometido el error imputado. Admitió que había completado la declaración jurada con información recibida de terceros, sin haber entrevistado a las partes ni haber tomado sus firmas. En su defensa, adujo que había errado de buena fe al confiar en los gestores que la contrataban para ese tipo de gestiones sobre vehículos de motor. Indicó, además, que era la primera falta cometida a lo largo de su carrera profesional, que no se lucró del

negocio jurídico, ni le causó daños a terceros, y que estaba profundamente arrepentida de su error.

II.

Los artículos 56 a 60 de la Ley Notarial de Puerto Rico contienen las disposiciones referentes a los testimonios o declaraciones de autenticidad. 4 L.P.R.A. secs. 2091 a 2095. Específicamente, el artículo 56, señala, en lo pertinente, que el testimonio o declaración de autenticidad es aquel documento mediante el cual el notario da fe de un documento que no obra en su protocolo, de su fecha y, entre otros, de la legitimación de las firmas que aparezcan en éste. 4 L.P.R.A. sec. 2091.

Por su parte, dichos artículos de la Ley Notarial corresponden a las Reglas 64 a 73 del Reglamento Notarial, *supra*. En lo pertinente, la Regla 67 define el testimonio de legitimación de firma como aquél en el que se acredita el hecho de que, en determinada fecha, se firmó un documento en presencia del notario, y que esa persona es quien dice ser. Indica además que la legitimación de firma podrá o no comprender el juramento, y que el notario tiene que hacer constar, tanto en el testimonio como en el Registro de Testimonios, que conoce personalmente al firmante o que lo ha identificado mediante los métodos supletorios que provee el artículo 17 de la Ley Notarial, 4 L.P.R.A. sec. 2035.

Como se sabe, las declaraciones juradas son testimonios de legitimación de firma. En repetidas

ocasiones hemos expresado que los notarios "[d]eben ser exigentes y abstenerse de dar fe notarial de [una] declaración jurada si la persona que va a otorgar el documento o la declaración jurada no ha comparecido personalmente". In re Sánchez Ruiz, 105 D.P.R. 848, 849 (1977). Véanse, además, In re Rivera Aponte, res. el 19 de diciembre de 2006, 2007 T.S.P.R. 14; In re Surillo Ascar, 160 D.P.R. 742, 743 (2004); In re Medina Lugo, 136 D.P.R. 120, 124 (1994); In re Vargas Hernández, 135 D.P.R. 603, 608 (1994).

En una declaración jurada la fe pública se concretiza a través de la persona del notario con la presencia del compareciente o firmante. Si el documento es autorizado en ausencia del firmante, el notario quebranta la fe pública notarial y afecta la confianza depositada en el sistema de autenticidad documental. In re Medina Lugo, supra; In re González González, 119 D.P.R. 496, 499 (1987).

De igual forma, hemos señalado reiteradamente que la certificación de un hecho falso es una de las faltas más graves en que puede incurrir un notario. In re Rivera Aponte, supra; In re Surillo Ascar, supra; In re Vargas Hernández, supra, pág. 607. Hemos indicado, además, que certificar un hecho falso no sólo viola las disposiciones de la Ley Notarial, sino que también viola el deber de sinceridad y honradez que le impone el Canon 35 de Ética Profesional a todos los abogados, así como el deber de practicar la profesión de una forma honrosa y digna que

impone el Canon 38. 4 L.P.R.A. Ap. IX, C. 35 y C. 38. Véanse además, In re Charbonier Laureano, 156 D.P.R. 575, 579 (2002); In re Vera Vélez, 148 D.P.R. 1, 7-8 (1999); In re Rivera Arvelo y Ortiz Velázquez, 132 D.P.R. 840, 863 (1993).

## III.

La omisión imputada a la notario Llanis Menéndez se desprende de la faz del propio documento. En éste, los espacios para las firmas de las partes aparecen en blanco, a pesar de que en la certificación de la notario ésta dio fe de haber identificado a la señora Torres de Jesús y al señor Lozada Torres, así como de que éstos juraron y firmaron ante ella el contenido de la declaración jurada. No cabe duda, pues, de que la licenciada Llanis Menéndez certificó un hecho falso y autorizó una declaración jurada que las partes no firmaron. Según expresamos anteriormente, ello constituye una grave violación a la Ley y al Reglamento Notarial, así como a los Cánones 35 y 38 de Ética Profesional.

Cabe señalar que tanto en su comparecencia ante la Unidad de Investigaciones de la Fiscalía de Bayamón, como ante ODIN y ante este Tribunal, la licenciada Llanis Menéndez ha aceptado su falta y ha ofrecido sus disculpas, aparte de mostrar su arrepentimiento por la conducta incurrida. Además, ofreció como defensa el hecho de que había actuado de buena fe por la confianza depositada en los gestores que la contrataron para llevar a cabo ese tipo

de servicio. Asimismo, expresó que se trató de un error por falta de cuidado y debida diligencia, y no por un acto intencional de mala fe.

A pesar de ello, hemos resuelto que no se requiere que el notario haya faltado a la verdad intencionalmente para faltar a la fe pública y a los Cánones de Ética Profesional. Dicha falla puede ser, como en el caso de autos, el resultado de un desempeño profesional carente de la cautela y el celo que exige la función publica del notario. In re Charbonier Laureano, *supra*; In re Vera Vélez, *supra*; In re Rivera Arvelo y Ortiz Velázquez, *supra*.

Conforme a lo anterior, concluimos que las actuaciones de la licenciada Llanis Menéndez constituyeron una violación grave a la Ley y al Reglamento Notarial, así como a los Cánones de Ética Profesional, y, por tanto, su conducta amerita la imposición de una sanción disciplinaria. No obstante, consideramos como circunstancias atenuantes el hecho de que se trata del primer señalamiento sobre la obra notarial de la licenciada Llanis Menéndez, así como el hecho de que ésta ha aceptado su error y ofrecido sus disculpas. Además, no se ocasionó daño alguno a las partes ni medió ánimo de lucro personal.

IV.

Por los fundamentos antes expuestos, se suspende a la licenciada Llanis Menéndez del ejercicio de la notaría por el término de un mes.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de la licenciada Llanis Menéndez.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marylin R. Llanis Menéndez        TS-9270

SENTENCIA

San Juan, Puerto Rico, a 31 de octubre de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a la licenciada Llanis Menéndez del ejercicio de la notaría por el término de un mes.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de la licenciada Llanis Menéndez.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo