per curiam:
En el ejercicio de nuestra autoridad discipli-naria, nos corresponde evaluar la actuación de una notaría que autorizó una declaración jurada, a pesar de que las partes otorgantes no comparecieron ante ella ni firmaron el documento. Tras analizar detenidamente el asunto, de-cretamos su suspensión del ejercicio de la notaría por el término de un mes.
I
La Leda.Marylin R. Llanis Menéndez fue admitida al ejercicio de la abogacía el 28 de junio de 1989 y al ejercicio de la notaría el 15 de agosto de 1989. El 15 de enero de 2008 la Oficina del Procurador General refirió a la Oficina de Inspección de Notarías (ODIN) una comunicación de la Directora de la Unidad de Investigaciones de la Fiscalía de Bayamón, Leda. Zulma O. Delgado Colón. En ésta se indicó que dentro del curso de una investigación criminal reali-zada por dicha unidad sobre una posible infracción a la Ley para la Protección de la Propiedad Vehicular, los fiscales se percataron que una declaración jurada suscrita por la li-cenciada Llanis Menéndez no contenía las firmas de las partes involucradas.(1) Esta acreditaba el traspaso de tí-tulo de una motora marca Suzuki modelo GSX 1300 de su *24 dueña, Daisy Torres de Jesús, a favor de su hijo, Gilberto Lozada Torres.(2)
A pesar de no contar con las firmas de la señora Torres de Jesús ni del señor Lozada Torres, la licenciada Llanis Menéndez estampó su sello y su firma en el documento, luego de dar fe de que las partes habían jurado y firmado ante ella lo allí expuesto. Además, indicó que identificó a cada una de las partes mediante sus respectivas licencias de conducir. De la faz del documento se deduce que las partes no comparecieron ante la notaria a firmar la decla-ración jurada, contrario a lo requerido por la Ley Notarial de Puerto Rico, 4 L.P.R.A. sees. 2091 y 2092, y por el Re-glamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, Rs. 65 y 67.
El 19 de marzo de 2008 ODIN nos sometió un informe sobre el estado de la notaría de la Leda. Marylin R. Llanis Menéndez. En dicho informe nos refirió la comunicación de la Oficina del Procurador General. Luego que ODIN reci-biera dicho referido, notificó a la licenciada Llanis Menén-dez y le concedió un término para que se expresara al respecto. Ésta compareció y, contando con lo expresado por ella, ODIN preparó el informe correspondiente y nos lo re-firió para nuestra consideración. Conforme lo dispuesto por la Regla 82 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV, concedimos a la licenciada Llanis Me-néndez un término de veinte días para que respondiera al mencionado informe. Luego de varios incidentes procesa-les, ésta compareció finalmente a este Foro.
En su comparecencia, la licenciada Llanis Menéndez aceptó haber cometido el error imputado. Admitió que ha-bía completado la declaración jurada con información reci-bida de terceros, sin haber entrevistado a las partes ni ha- *25 ber tomado sus firmas. En su defensa, adujo que había errado de buena fe al confiar en los gestores que la contra-taban para ese tipo de gestiones sobre vehículos de motor. Indicó, además, que era la primera falta cometida a lo largo de su carrera profesional, que no se lucró del negocio jurídico ni causó daños a terceros, y que estaba profunda-mente arrepentida de su error.
I — I HH
Los Arts. 56 a 60 de la Ley Notarial de Puerto Rico contienen las disposiciones referentes a los testimonios o declaraciones de autenticidad. 4 L.P.R.A. sees. 2091 a 2095. Específicamente, el Art. 56 señala, en lo pertinente, que el testimonio o la declaración de autenticidad es aquel documento mediante el cual el notario da fe de un documento que no obra en su Protocolo, de su fecha y, entre otros, de la legitimación de las firmas que aparezcan en éste. 4 L.P.R.A. see. 2091.
Por su parte, dichos artículos de la Ley Notarial de Puerto Rico corresponden a las Reglas 64 a 73 del Regla-mento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV. En lo pertinente, la Regla 67 define el testimonio de legitimación de firma como aquel testimonio que acredita el hecho de que, en determinada fecha, se firmó un documento en pre-sencia del notario y que esa persona es quien dice ser. In-dica, además, que la legitimación de firma podrá o no com-prender el juramento y que el notario tiene que hacer constar, tanto en el testimonio como en el Registro de Tes-timonios, que conoce personalmente al firmante o que lo ha identificado mediante los métodos supletorios que provee el Art. 17 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2035.
Como se sabe, las declaraciones juradas son testimonios de legitimación de firma. En repetidas ocasiones hemos expresado que los notarios “[d]eben ser exigentes y *26 abstenerse de dar fe notarial de [una] declaración jurada si la persona que va a otorgar el documento o la declaración jurada no ha comparecido personalmente”. In re Sánchez Ruiz, 105 D.P.R. 848, 849 (1977). Véanse, además: In re Rivera Aponte, 169 D.P.R. 738, 744 (2006); In re Surillo Ascar, 160 D.P.R. 742, 743 (2004); In re Medina Lugo, 136 D.P.R. 120, 124 (1994); In re Vargas Hernández, 135 D.P.R. 603, 608 (1994).
En una declaración jurada, la fe pública se concretiza a través de la persona del notario con la presencia del com-pareciente o firmante. Si el documento es autorizado en ausencia del firmante, el notario quebranta la fe pública notarial y afecta la confianza depositada en el sistema de autenticidad documental. In re Medina Lugo, supra; In re González González, 119 D.P.R. 496, 499 (1987).
De igual forma, hemos señalado reiteradamente que la certificación de un hecho falso es una de las faltas más graves en que puede incurrir un notario. In re Rivera Aponte, supra; In re Surillo Ascar, supra; In re Vargas Hernández, supra, pág. 607. Hemos indicado, además, que certificar un hecho falso no sólo viola las disposiciones de la Ley Notarial de Puerto Rico, sino que también viola el deber de sinceridad y honradez que impone el Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, a todos los abogados, así como el deber de practicar la profesión de una forma honrosa y digna que impone el Canon 38 (4 L.P.R.A. Ap. IX). Véanse, además: In re Charbonier Laureano, 156 D.P.R. 575, 579 (2002); In re Vera Vélez, 148 D.P.R. 1, 7-8 (1999); In re Rivera Arvelo y Ortiz Velázquez, 132 D.P.R. 840, 863 (1993).
HH i — I h — i
La omisión imputada a la notaría Llanis Menéndez se deduce de la faz del propio documento. En éste, los espa-cios para las firmas de las partes aparecen en blanco, a *27 pesar de que en la certificación de la notaría, ésta dio fe de haber identificado a la señora Torres de Jesús y al señor Lozada Torres, así como de que éstos juraron y firmaron ante ella el contenido de la declaración jurada. No cabe duda, pues, que la licenciada Llanis Menéndez certificó un hecho falso y autorizó una declaración jurada que las par-tes no firmaron. Según expresamos anteriormente, ello constituye una grave violación a la ley y al reglamento notarial, así como a los Cánones 35 y 38 del Código de Ética Profesional, supra.
Cabe señalar que tanto en su comparecencia ante la Unidad de Investigaciones de la Fiscalía de Bayamón, como ante ODIN y ante este Tribunal, la licenciada Llanis Menéndez ha aceptado su falta y ha ofrecido sus disculpas, aparte de mostrar su arrepentimiento por la conducta en que incurrió. Además, ofreció como defensa el hecho de que había actuado de buena fe por la confianza depositada en los gestores que la contrataron para llevar a cabo ese tipo de servicio. Asimismo, expresó que se trató de un error por falta de cuidado y debida diligencia, y no por un acto inten-cional de mala fe.
A pesar de ello, hemos resuelto que no se requiere que el notario haya faltado a la verdad intencionalmente para faltar a la fe pública y a los cánones de ética profesional. Dicha falla puede ser, como en el caso de autos, el resultado de un desempeño profesional carente de la cautela y el celo que exige la función publica del notario. In re Charbonier Laureano, supra; In re Vera Vélez, supra; In re Rivera Arvelo y Ortiz Velázquez, supra.
Conforme a lo anterior, concluimos que las actuaciones de la licenciada Llanis Menéndez constituyeron una viola-ción grave a la ley y al reglamento notarial, así como a los cánones de ética profesional. Por lo tanto, su conducta amerita la imposición de una sanción disciplinaria. No obs-tante, consideramos como circunstancias atenuantes el he-cho de que se trata del primer señalamiento sobre la obra *28 notarial de la licenciada Llanis Menéndez, así como el he-cho de que ésta ha aceptado su error y ofrecido sus disculpas. Además, no se ocasionó daño alguno a las partes ni medió ánimo de lucro personal.
IV
Por los fundamentos antes expuestos, se suspende a la licenciada Llanis Menéndez del ejercicio de la notaría por el término de un mes. El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la licenciada Llanis Menéndez.

Se dictará Sentencia de conformidad.

 Se trata del testimonio Núm. 5100, suscrito el 23 de mayo de 2006.

 La investigación llevada a cabo por la Fiscalía de Bayamón giró en torno a posibles violaciones a la Ley para la Protección de la Propiedad Vehicular supuesta-mente cometidas por el señor Lozada Torres. Sin embargo, dicha investigación con-cluyó sin la presentación de cargos contra éste, tras determinarse que no existía prueba suficiente para procesarlo por delito alguno.